621 So.2d 464 (1993)
PALM BEACH County SCHOOL BOARD and Terry Andrews, Petitioners,
v.
Claudia MORRISON, Respondent.
No. 93-0702.
District Court of Appeal of Florida, Fourth District.
April 7, 1993.
On Motion for Clarification May 26, 1993.
*465 Marlene S. Reiss of Stephens, Lynn, Klein & McNicholas, P.A., Miami, for petitioners.
Michael B. Small and Lisa S. Small of Small, Small & Small, P.A., Palm Beach, for respondent.
POLEN, Judge.
We have for review the trial court's interlocutory order granting respondent, Claudia Morrison's motion to compel petitioner, Terry Andrews, to comply with a deposition duces tecum requiring him to attend a continued deposition and answer questions and produce records regarding *466 his drug usage and mental health treatment. The order also imposed sanctions against counsel. Petitioners, Palm Beach County School Board and Terry Andrews, filed an emergency petition for writ of certiorari, and on March 17, 1993, by unpublished order, this court granted the petition and quashed the trial court's order insofar as it compelled deposition testimony and disclosure of medical records not previously disclosed and not the subject of Andrews' February 17, 1993, written waiver regarding his mental health treatment. We issue this opinion to explain our reasons for granting the petition for writ of certiorari.
Approximately three (3) years ago, Morrison filed suit against the Palm Beach County School Board and Terry Andrews alleging employment and gender discrimination. Morrison apparently served as assistant principal of a Palm Beach County high school during the 1989-1990 academic year, while Andrews held the position of principal at the same high school. Morrison claimed that Andrews sexually harassed her and discriminated against her, preparing incorrect employment evaluations, reprimands, write-ups and retaliations against her. Morrison sought damages for, among other things, emotional and psychological injury.
The School Board and Andrews answered the complaint, raising as an affirmative defense that they were entitled to immunity because their actions as to Morrison had been "reasonable, in good faith, and based on reasonable grounds of their legality." Morrison has recently raised the contention, after learning that Andrews has undergone psychotherapy and taken psychiatric prescription drugs, that Andrews' mental illness and reaction to medications caused him to act illogically, unreasonably, and to improperly perceive her actions in the performance of her duties as assistant principal.
Early in 1992, Morrison propounded interrogatories to Andrews, asking him to comment regarding his medical background, including any psychotherapy and medications taken. On March 5, 1992, Andrews filed objections to those interrogatories on the ground that they were irrelevant, not likely to lead to the discovery of admissible evidence, and solely for the purposes of harassment. The objections did not raise the psychotherapist-patient privilege; however, the School Board and Andrews contend that they raised the privilege at a hearing on Morrison's motion to compel, but that the hearing was unreported.
Evidently, a "mini-trial" was held in the case on September 29 through 30, 1992, at which Andrews testified. Subsequently, at Andrews' deposition on December 23, 1992, he testified that he had not, at the time of the mini-trial, been taking any medications. He also testified that he was not taking any medications at the time of the deposition and he could not remember when he last took any medication regularly. When asked the reason for his last having regularly taken any medication, and whether he had ever taken the medication Prozac, Andrews' attorney objected, instructed him not to answer, and stated that the only relevant time period was the 1989-1990 academic year, the time period involved in Morrison's complaint. Andrews' attorney did not object on the basis of the psychotherapist-patient privilege. Andrews subsequently testified that he did not take any medications during the time periods when Morrison worked at the high school. He also stated that he was not taking Prozac on or after July 1, 1989.
Morrison then served trial subpoenas duces tecum on Andrews' health insurance carrier, medical care providers and pharmacies. From the produced documents, Morrison learned that in January, 1993, Andrews had received psychotherapy from Dr. Mary Jo Thomas. She also learned that he had filled prescriptions for Prozac on March 17, 1991, and April 16, 1991, and that he had filled prescriptions for other medications in March of 1992.
On February 5, 1993, Morrison served a subpoena for deposition duces tecum on Andrews, asking him to appear for a continuation of his deposition and to bring with him medical files and insurance records *467 from May 20, 1988, through the current date. The School Board and Andrews filed a motion for protective order to prevent the continued deposition, on the ground that the court had already ruled that discovery was completed in the case, and Morrison's "continued harassment of this Defendant and trying to make public this Defendant's medical and psychological history is outrageous... ." The motion for protective order did not expressly raise the psychotherapist-patient privilege.
On February 16, 1993, the parties appeared before the court for a hearing on several motions, during which they discussed the propriety of deposing both Dr. Thomas and Andrews about Andrews' psychotherapy and medications. Morrison argued that Andrews' entire mental health history was in issue because: 1) Andrews had falsely testified at the mini-trial and at his deposition that he had not taken psychiatric medications; 2) at trial, the jury would need to evaluate Andrews' credibility and ability to remember; and 3) the medications Andrews took may have had side effects that affected his interaction with Morrison. Counsel for the School Board and Andrews argued that the only time period during which Andrews' mental condition was relevant was the 1989-1990 academic year, and that Andrews had not lied during his previous testimony, rather that testimony needed clarification. Counsel admitted that there was evidence that Andrews had used psychiatric medications before and after the time frame of the relevant academic year. At one point during the hearing, the trial judge stated that the doctor might claim a privilege if she were deposed.
Ultimately, the court ruled that Morrison would be permitted to depose Dr. Thomas, and that if Andrews was not willing to sign a release for Dr. Thomas to testify, the court would order him to do so. Accordingly, the court granted Morrison's ore tenus motion to compel the doctor to appear for a deposition.
On February 17, 1992, Andrews executed a written "authorization to Furnish Reports and Disclose Professional Information" to Dr. Thomas, stating that the doctor was authorized to testify at deposition as to the treatment and medication Andrews received during the period from July 1, 1989 through June 30, 1990. The authorization included a statement that "[t]his authorization is subject to objections and claims of privilege, which may be appropriate. Further, this authorization and waiver of psychotherapist-patient privilege is limited to testimony during this deposition only." On February 23, 1993, Dr. Thomas was deposed, however she refused to discuss any time period other than July 1, 1989, through June 30, 1990.
On February 24, 1993, a continuation of Andrews' deposition was held, but he refused, on instructions of his counsel, to answer the question of whether he was on any medications that day. Morrison's counsel terminated the deposition and filed an emergency motion to compel Andrews to comply with the subpoena duces tecum and for sanctions, contending that Andrews was intentionally refusing to comply with the trial court's February 16, 1993, order requiring him to furnish information about his mental health history.
On March 1, 1993, the trial court conducted a hearing on Morrison's emergency motion to compel. At that hearing, the School Board and Andrews argued that information about any time period other than July 1, 1989, through June 30, 1990, was irrelevant. The School Board and Andrews also asserted the psychotherapist-patient privilege. Counsel for the School Board and Andrews stated that Andrews was instructed not to answer a deposition question because Andrews "does have a psychotherapist-patient privilege and he has not waived that, so when the questions relate to the medication and his care under that doctor, I think he is privileged and he has a right not to answer it." On that same date the court rendered the order now on review, granting Morrison's emergency motion to compel and imposing sanctions of attorney's fees and costs.
On March 3, 1993, Morrison filed an emergency motion to compel Dr. Thomas to answer deposition questions and furnish *468 records. At a March 8, 1992, hearing held on that motion the court ruled that Morrison could take Dr. Thomas' deposition and if she raised a privilege, it would be dealt with at that time. A special master was appointed to preside over the continuation of Dr. Thomas' deposition, and on March 9, 1993, when counsel objected and Dr. Thomas asserted the psychotherapist-patient privilege for all time periods other than July 1, 1989, through June 30, 1990, the special master sustained the objection and found the privilege applicable. The propriety of Dr. Thomas' asserted privilege is not before us.
We begin by noting that a non-final order for which no appeal is provided in Rule 9.130, Florida Rules of Appellate Procedure, such as the challenged order in the instant case, is reviewable by certiorari only in very limited circumstances. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987). The order must depart from the essential requirements of law, causing material injury to the petitioner through the remainder of the proceedings below, leaving the petitioner with no adequate remedy on appeal. Id. Orders which improperly compel discovery of privileged information, however, are reviewable by certiorari.
Andrews argues that the order compelling discovery violates the psychotherapist-patient privilege in section 90.503, Florida Statutes (1991).[1] The psychotherapist-patient privilege:
[I]s based on the recognition that a patient of a psychologist is expected to "bare his or her soul" and reveal matters of a private nature in order to receive help, but will not do so if the psychologist can be compelled to reveal these innermost thoughts and confidences on the witness stand.
Cantor v. Toyota Motor Sales, 546 So.2d 766, 767 (Fla. 5th DCA 1989). The statutory privilege does not apply if a patient in an action relies on his mental or emotional condition as an element of his claim or defense, but the burden rests on the party seeking to depose a psychotherapist to show that the patient's mental condition has been introduced as an issue in the case. Id. See also Yoho v. Lindsley, 248 So.2d 187 (Fla. 4th DCA 1971).
We reject Morrison's contention that the School Board and Andrews have sought to make Andrews' mental condition an issue in this case, and that the exception to the privilege contained in section 90.503(4)(c) applies. The affirmative defense asserted by the School Board and Andrews regarding the reasonableness and good faith of their actions toward Morrison did not make Andrews' mental health history an issue in this case. Rather, it is Morrison who wishes to place Andrews' mental or emotional condition in issue. The instant case is similar to Hall v. Spencer, 472 So.2d 1205 (Fla. 4th DCA 1985), rev. denied, 479 So.2d 118 (Fla. 1985), where this court noted that the party asserting the psychotherapist-patient privilege had not placed his mental or emotional condition in issue, rather it was the opposing party's attempt to discredit him which had placed the matter in issue. Id. at 1206. In such a circumstance, the exception contained in section 90.503(4)(c) does not apply.
*469 We also reject Morrison's argument that she is entitled to the compelled discovery because she wishes to impeach Andrews' testimony given at the "mini-trial" and his prior deposition. Morrison will be able to impeach Andrews' testimony based on the records she has already obtained, so there is no need for further production. The desire to attack a defendant's credibility by attempting to demonstrate an inability to recall events does not constitute sufficient justification for overcoming the psychotherapist-patient privilege.
Lastly, we reject Morrison's argument that Andrews has waived the psychotherapist-patient privilege because it was not timely asserted. The School Board and Andrews raised the privilege at the March 1, 1993, hearing, if not earlier, and have continued to assert it since that time. Because some of the information claimed to be privileged was obtained by Morrison before Andrews raised the psychotherapist-patient privilege, the privilege has been waived as to the information already produced. However, as to the information not previously disclosed, (information for the period prior to July 1, 1989, and after June 30, 1990) Andrews' failure to assert the privilege at the earliest opportunity did not constitute a waiver of the privilege because it was asserted before there was an actual disclosure of the information for which he claims the privilege. See Truly Nolen Exterminating, Inc. v. Thomasson, 554 So.2d 5 (Fla. 3d DCA 1989), rev. dismissed, 558 So.2d 20 (Fla. 1990). The waiver provision contained in section 90.507, Florida Statutes (1991)[2] does not apply to the instant case because Andrews has neither voluntarily disclosed nor consented to the disclosure of any significant part of the matter or communication for which he claims the privilege.
For the foregoing reasons, this court granted Andrews' petition for writ of certiorari and quashed the trial court's order insofar as it compelled deposition testimony and disclosure of medical records not previously disclosed and not the subject of Andrews' February 17, 1993, written waiver regarding his mental health treatment. By this opinion we also quash that portion of the trial court's order imposing sanctions against Attorney Debra Mann Cohen.
GLICKSTEIN, C.J., and WARNER, J., concur.

ON MOTION FOR CLARIFICATION
PER CURIAM.
We grant the petitioner's motion for clarification to note that our prior opinion should not be construed as reaching the issue of admissibility of records previously obtained by respondent.
Respondent's motion for reconsideration/rehearing is denied.
GLICKSTEIN, C.J., and WARNER and POLEN, JJ., concur.
NOTES
[1] Section 90.503 provides in pertinent part:

90.503 Psychotherapist-patient privilege.
... .
(2) A patient has a privilege to refuse to disclose and to prevent any other person from disclosing, confidential communications or records made for the purpose of diagnosis or treatment of his mental or emotional condition, including alcoholism and other drug addiction, between himself and his psychotherapist, or persons who are participating in the diagnosis or treatment under the direction of the psychotherapist. This privilege includes any diagnosis made, and advice given, by the psychotherapist in the course of that relationship.
... .
(4) There is no privilege under this section:
... .
(c) For communications relevant to an issue of the mental or emotional conduction of the patient in any proceeding in which he relied upon the condition as an element of his claim or defense or, after the patient's death, in any proceeding in which any party relies upon the condition as an element of his claim or defense.
[2] Section 90.507 provides:

90.507 Waiver of privilege by voluntary disclosure
A person who has a privilege against the disclosure of a confidential matter or communication waives the privilege if he, or his predecessor while holder of the privilege, voluntarily discloses or makes the communication when he does not have a reasonable expectation of privacy, or consents to disclosure of, any significant part of the matter or communication. This section is not applicable when the disclosure is itself a privileged communication.