PER CURIAM.
We grant the petition for a writ of certio-rari and quash an order compelling discovery of information claimed to be protected under section 90.503, Florida Statutes (1993), the psychotherapist-patient privilege.
Respondent is the guardian of John Muller, who is elderly and incompetent. This suit was filed by the guardian against, among others, Ms. Boyle as representative of the estate of Isabel Rittenhouse. Mr. Muller and Ms. Rittenhouse maintained an intimate personal relationship for several years prior to her death in 1992. Respondent seeks, inter alia, to set aside transfers of assets by Mr. Muller allegedly made under undue influence exercised by Ms. Rittenhouse and her daughter, Ms. Boyle.
During the course of discovery, Dr. Thomas, a psychiatrist, testified that she had treated both Mr. Muller and Ms. Rittenhouse, and had met with them together and separately. The doctor testified that Ms. Rittenhouse asked the doctor to help her explain some things to Mr. Muller. Dr. Thomas also stated that in addition to helping Ms. Ritten-house try to communicate with Mr. Muller, the doctor also prescribed some medication for Ms. Rittenhouse, who was depressed and very anxious as she was extremely ill.
Dr. Thomas stated that Ms. Rittenhouse told her how she came to be involved in the relationship with Mr. Muller, described her purpose in entering into and staying in the relationship, and told the doctor whether or not she saw economic advantage in continuing the relationship. Dr. Thomas also stated that she had notes concerning the visits.
After the doctor’s deposition, Respondent filed a motion to compel. The trial court concluded that the exception to the psychotherapist-patient privilege in subsection 90.503(4)(c), Florida Statutes, was applicable and compelled discovery. That subsection provides:
(4) There is no privilege under this section:
(c) For communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which he relies upon the condition as an element of his claim or defense or, after the patient’s death, in any proceeding in which any party relies upon the condition as an element of his claim or defense.
(emphasis added).
Ms. Rittenhouse’s mental or emotional condition and her relationship with Mr. *66 Muller were not one and the same. It appears that Ms. Rittenhouse exchanged confidential communications with Dr. Thomas solely incident to being treated by the doctor for depression and anxiety, conditions unrelated to this action. The exception in subsection 90.503(4)(c) is not applicable to such communications, which are entitled to protection if privileged.
The trial court, nevertheless, retains discretion to determine whether there are aspects of the doctor’s testimony and notes that may be unrelated to the treatment of Ms. Rittenhouse. Upon remand, the trial court should conduct an in camera inspection of Dr. Thomas’ notes to determine which of them are protected by the psychotherapist-patient privilege, and which are unrelated to the doctor’s treatment of Ms. Rittenhouse’s condition and are not privileged.
GUNTHER, STONE and WARNER, JJ., concur.