WARNER, Judge.
Petitioner filed suit against respondents for negligence, breach of warranty and other *651 causes for the wrongful death of Rosemarie Deslauriers and four members of her family. The family died from carbon monoxide gases in their home when a van was left running in the garage. Respondents denied negligence and alleged the negligence or intervening acts by third parties.
In the course of discovery, respondents set depositions of mental health care professionals who treated Rosemarie Deslauriers for mental conditions, including depression and suicidal ideations prior to the date of the incident. Petitioner objected on the ground that the records were privileged under section 90.503 of the Florida Evidence Code, while respondents argued that the exception stated in 90.503(4)(e) applied:
For communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which the patient relies upon the condition as an element of his or her claim or defense or, after the patient’s death, in any proceeding in which any party relies upon the condition as an element of the party’s claim or defense.
§ 90.503(4)(c), Fla. Stat. (1995). Because the respondents alleged an intervening cause or negligence as an affirmative defense, they claimed that the records would reveal whether or not suicide may have been that intervening act. The trial court agreed and ordered production of the documents.
Petitioner contends that the respondents have not met their burden to show that they are “[relying] upon the condition as an element of [the] claim or defense.” We agree. The affirmative defenses allege negligence and the existence of an intervening unnamed cause. They do not allege that Rosemarie’s condition was an element of that defense. It was the respondents’ burden to show that Rosemarie’s mental condition has been introduced as an issue in this case. See Palm Beach County School Bd. v. Morrison, 621 So.2d 464 (Fla. 4th DCA 1993). At this juncture, they have not shown this, either by pleading or evidence. At the hearing on the motion to compel, respondents did not present any evidence and they have not sought to amend their defenses to assert the issue.
For these reasons, we quash the order of the trial court.
STONE, C.J., and STEVENSON, J., concur.