734 So.2d 579 (1999)
Deborah FIGARO, Petitioner,
v.
Yolanda BACON-GREEN, M.D. et al., Respondents.
No. 99-787.
District Court of Appeal of Florida, Third District.
June 16, 1999.
Rossman Baumberger & Reboso, and Lincoln J. Connolly, Miami, for petitioner.
George, Hartz, Lundeen, Flagg & Fulmer, and Cesar A. Sastre, for respondents.
Before GERSTEN, SHEVIN and SORONDO, JJ.
SORONDO, J.
Deborah Figaro, plaintiff, petitions for a writ of certiorari to reverse the lower court's order denying her Second Motion to Prohibit Ex Parte Contact with Plaintiff's Physicians and to Require Disclosure of Ex Parte Contact. We grant the petition.
Plaintiff filed a medical malpractice action against Yolanda Bacon-Green, M.D. and other associated physicians and entities (collectively referred to here as defendants), *580 all of whom are represented by the same law firm.
On May 27, 1997 and June 4, 1997, defendants issued "mail-in" subpoenas duces tecum pursuant to Florida Rule of Civil Procedure 1.351 to one of plaintiffs treating physicians, Dr. Rigoberto Rodriguez, seeking plaintiffs medical records. On May 29, 1997 and June 9, 1997, plaintiff served Requests for Copies of all records produced by Dr. Rodriguez upon defendants.
On November 19, 1998, defendants took the deposition of Dr. Rodriguez. During that deposition, defendants' counsel revealed that he had telephoned Dr. Rodriguez's office ex parte prior to the deposition to request that he be faxed all of plaintiffs medical records compiled after Dr. Rodriguez's compliance with the 1997 "mail-in" subpoenas. No new subpoena was issued, but rather the updated records request was made pursuant to the 1997 mail-in subpoenas. Defendants did not give plaintiff notice of their telephonic updated records request to Dr. Rodriguez.
On November 20, 1998, plaintiff filed a Motion to Prohibit Ex Parte Contact with Plaintiffs Physicians and to Require Disclosure of Ex Parte Contact, seeking an order from the trial court prohibiting such ex parte update records request activities, disclosure of other healthcare providers to whom such ex parte conduct had been directed and production of all update records obtained ex parte. Defendants filed a response. At the December 22, 1998 hearing on the motion, defendants' counsel indicated that due to a problem with the facsimile transmission, no updated records had been received. The trial court denied plaintiffs motion, stating that because no records had been produced, there was no violation.
On January 7, 1999, defendants' counsel sought updated records by a letter request from Dr. Kenneth Fischer, another of plaintiffs treating physicians. A mail-in subpoena had been issued to him on May 27, 1997, and plaintiff had served a request for copies on May 29, 1997. Defendants' counsel carbon copied plaintiff on the updated records request letter that had been sent to Dr. Fischer. On January 11, 1999, plaintiff wrote to Dr. Fischer, requesting that he not provide updated records pursuant to this practice. However, before Dr. Fischer received this letter, defense counsel had already picked up the records in person. Plaintiff then filed her Second Motion to Prohibit Ex Parte Contact with Plaintiffs Physicians and to Require Disclosure of Ex Parte Contact. Defendants responded, and on February 25, 1999, the trial court denied the motion. Plaintiff then filed this petition for certiorari.
We grant the petition for writ of certiorari because we agree with plaintiff that the lower court departed from the essential requirements of law in denying plaintiffs Second Motion to Prohibit Ex Parte Contact with Plaintiffs Physician and to Require Notice of Ex Parte Contact, contrary to the provisions of section 455.667(5), Florida Statutes (Supp.1998), which mandates that a patient's medical records are confidential and sets forth the limited circumstances under which they may be obtained by those other than the patient.
Initially, we note that defendants' attorneys have communicated with this Court that they are not formally contesting plaintiffs petition for writ of certiorari and thus have not filed a formal response. However, in their letter to this court, they directed the Court's attention to three documents they filed in disputing this issue with plaintiffs counsel in the lower court, which include 1) defendants' Response to Plaintiffs Motion to Prohibit Ex Parte Contact with Plaintiffs Physicians and to Require Disclosure of Ex Parte Contact, 2) defendants' response to Plaintiffs Second Motion to Prohibit Ex Parte Contact with Plaintiffs Physician and to Require Disclosure of Ex Parte Contact, and 3) the lower court's Second Order Denying Plaintiffs Motion to Prohibit Ex Parte Contact with *581 Plaintiff's Physician and to Require Notice of Ex Parte Contact (all three documents which were already included in plaintiff's Appendix to her petition for writ of certiorari).
Section 455.667(5) provides in pertinent part that medical records "may not be furnished to, ... any person other than the patient or the patient's legal representative or other healthcare practitioners and providers involved in the care and treatment of the patient, except upon written authorization of the patient." Without the patient's written authorization, the patient's records may only be obtained in a civil action upon the issuance of a subpoena from a court of competent jurisdiction and proper notice to the patient or the patient's legal representative by the party seeking such records. See § 455.667(5)(c). See also Richter v. Bagala, 647 So.2d 215, 217 (Fla. 2d DCA 1994) ("In order to obtain an injured plaintiff's medical records from the plaintiffs treating physician..., a person ... must, absent a waiver, use a statutory method or follow the applicable Florida Rule of Civil Procedure.") (citation omitted) approved sub nom. Acosta v. Richter, 671 So.2d 149 (Fla.1996).
Defendants cite no authority, nor can we find any, for the proposition that discovery subpoenas are continuing in nature, permitting a treating physician subpoenaed once for records to continue to produce updated records to the party who subpoenaed him upon an informal, ex parte request. On the contrary, the Florida Rules of Civil Procedure set a definite time for the witness to appear for deposition or trial or produce records by mail. See, e.g., Fla. R. Civ. P. 1.410(b); Fla. R. Civ. P. 1.310(a); Fla. R. Civ. P. 1.351(b); Fla. R. Civ. P. 1.351(c).
Further, according to Florida Rule of Civil Procedure 1.351(b), a party desiring production under this rule, as is the case here, is required to serve notice on every other party of the intent to serve a subpoena under this rule at least ten days before the subpoena is issued if service is by delivery and fifteen days before the subpoena is issued if the service is by mail. The rule provides for any party to serve an objection to production within ten days of service of the notice. As argued by plaintiff, this gives the plaintiff and healthcare provider the opportunity to object to records which they may have originally agreed to produce, but now have a valid reason to object to the defendant receiving. Here, by not noticing plaintiff on the request for updated medical records sought from Dr. Fischer, defendants denied plaintiff the opportunity to object to the documents that Dr. Fischer produced. Although defendants' counsel carbon copied plaintiff on the updated records request letter that had been sent to Dr. Fischer, by the time plaintiff contacted Dr. Fischer to request that he not provide the updated records pursuant to this practice, defense counsel had already picked up the records in person.[1]
Thus, for the foregoing reasons, we grant the petition for writ of certiorari, quash the order in question and remand with directions to the lower court to grant plaintiff's Second Motion to Prohibit Ex Parte Contact with Plaintiffs Physicians and to Require Disclosure of Ex Parte Contact.
Certiorari granted.
NOTES
[1] We note that defense counsel made the request to Dr. Fischer by letter dated Thursday, January 7, 1999. Plaintiff's counsel was mailed a copy of the letter on the same day. On Monday, January 11, 1999, less than two business days later, plaintiff's counsel instructed Dr. Fischer by letter not to comply with the defendants' request. However, this extremely prompt response to the defendants' request proved to be inadequate as defense counsel had, in an extremely expedited manner, personally picked up the records in question.