813 So.2d 1060 (2002)
Bernard COHEN, Irwin Cohen, Individually and as General Partners of Cobis, a Florida General Partnership, Cobis, and Cohen & Cohen, P.A., Petitioners,
v.
Stanford COHEN, Respondent.
No. 4D01-5061.
District Court of Appeal of Florida, Fourth District.
April 17, 2002.
*1061 Vanessa A. Reynolds of Conrad & Scherer, LLP, Ft. Lauderdale, for petitioners.
Harry A. Payton and Amy L. Koltnow of Payton & Carlson, P.A., Miami, for respondent.
PER CURIAM.
Petitioners, defendants below, seek certiorari relief from an order of the trial court which denied their objections to the plaintiffs notice of production from a nonparty, thereby compelling the production of the psychiatric records of one of the defendants over his assertion of the psychotherapist-patient privilege. We grant the petition.
The psychiatric disability of this particular individual defendant several years earlier clearly was not related to the defendants' counterclaim of mental anguish due to allegations that the plaintiff recently took personal property from the defendants' safe deposit box. The fact that the defendant's psychiatric disability relates to two of the plaintiff's claims does not bring it within the section 90.503(4)(c), Florida Statutes (2000), exception to the privilege, as the patient did not rely on his mental or emotional condition as an element of his claim or defense. See Boyle v. Thebaut, 645 So.2d 64, 66 (Fla. 4th DCA 1994). Nor did the plaintiff demonstrate the patient waived the privilege merely by informing the plaintiff (who at that time managed the defendants' law firm) that he was filing a disability claim based on his condition, or by his releasing medical records to the disability insurance carrier in connection with that claim. See § 90.507, Fla. Stat. (2000).
Accordingly, the order in question is hereby quashed.
FARMER, GROSS and TAYLOR, JJ., concur.