832 So.2d 868 (2002)
Kristin VIVEIROS, Petitioner,
v.
Gloria COOPER, Respondent.
No. 4D02-3717.
District Court of Appeal of Florida, Fourth District.
November 27, 2002.
*869 Brian P. Knight of Conroy, Simberg, Ganon, Krevans & Abel, P.A., Hollywood, for petitioner.
Gary E. Susser of the Law Office of Gary E. Susser, Boynton Beach, for respondent.
PER CURIAM.
In the midst of a personal injury lawsuit arising out of a car accident, the Respondent served the Petitioner with interrogatories and a request for production of documents. The Petitioner filed a response which contained objections to two of the interrogatories and a request for production of substance abuse treatment records, asserting various grounds none of which were the psychotherapist privilege. The Respondent moved to compel. At a hearing, the Petitioner asserted the psychotherapist-patient privilege. The trial court required the Petitioner to answer the objected to interrogatories and to produce the substance abuse treatment records. The Petitioner then filed for certiorari relief.
This Court has jurisdiction. See Allstate Ins. Co. v. Langston, 655 So.2d 91 (Fla.1995); Hall v. Spencer, 472 So.2d 1205 (Fla. 4th DCA 1985), review denied, Spencer v. Hall, 479 So.2d 118 (Fla.1985); Palm Beach County Sch. Bd. v. Morrison, 621 So.2d 464 (Fla. 4th DCA 1993). We deny the petition with regards to the trial court's order requiring the Petitioner to answer certain interrogatories. For the following reasons, we grant the petition with respect to the order requiring the Petitioner to produce records of her substance abuse treatment.
Contrary to the Respondent's assertion, the exceptions set forth in sections 90.503(4)(a) and (b) don't apply. This case does not involve hospitalization of the Petitioner for mental health treatment. Additionally, although the Petitioner's treatment was pursuant to a plea agreement, that does not constitute a court-ordered examination under section 90.503(4)(b). Cf. Carson v. Jackson, 466 So.2d 1188, 1190 (Fla. 4th DCA 1985). Further, the Respondent cannot pierce the privilege by filing a claim that makes an issue of the Petitioner's mental health. See Morrison, 621 So.2d at 468, (citing Hall, 472 So.2d 1205); Cohen v. Cohen, 813 So.2d 1060 (Fla. 4th DCA 2002). Thus, the Respondent's argument that the privilege does not apply because Respondent made a claim for punitive damages lacks merit.
The Respondent also argued that she made a showing of good cause.[1] We *870 decline to address this issue as the trial court's ruling was not based on good cause. Rather, the court based its ruling on the Petitioner's failure to raise the privilege until the hearing. This was error. See Morrison, 621 So.2d at 469; Austin v. Barnett Bank of S. Fla., N.A., 472 So.2d 830 (Fla. 4th DCA 1985).
We grant the petition, quash the order requiring the Petitioner to produce the treatment records, and remand to the trial court. On remand, the court may require disclosure if the Petitioner fails to provide a privilege log, see TIG Ins. Corp. of Am. v. Johnson, 799 So.2d 339 (Fla. 4th DCA 2001), rev. denied, 821 So.2d 304 (2002), or if an in camera inspection of the records reveals that the privilege does not apply. If the court decides that the privilege applies to any of the records, it must then determine whether the Respondent demonstrated good cause for disclosure of those records.
POLEN, C.J., GROSS, and MAY, JJ., concur.
NOTES
[1] Section 397.501(7)(a)(5), Florida Statutes (2001), provides that records regarding a client's substance abuse treatment may be disclosed without the patient's consent "[u]pon court order based on application showing good cause for disclosure. In determining whether there is good cause for disclosure, the court shall examine whether the public interest and the need for disclosure outweigh the potential injury to the client, to the service provider-client relationship, and to the service provider itself."