992 So.2d 882 (2008)
Denise J. BROUSSEAU, Petitioner,
v.
BROWARD COUNTY BOARD OF COMMISSIONERS, Ken Jenne, in his former official capacity, and Al Lamberti, in his current official capacity as Sheriff of Broward County, Respondents.
No. 4D08-2947.
District Court of Appeal of Florida, Fourth District.
October 22, 2008.
William R. Amlong and Jennifer Daley of Amlong & Amlong, P.A., Fort Lauderdale, for petitioner.
Carmen Rodriguez of the Law Offices of Carmen Rodriguez, P.A., Miami, for respondent Al Lamberti.
KLEIN, J.
We grant the petition for writ of certiorari challenging an order compelling petitioner to produce her psychological records in a pending lawsuit. The suit charges discrimination by her employer in suspending and demoting her based on *883 allegations that she was rude and abrasive to her fellow firefighters and paramedics, and patients as well. She alleged she was being disciplined for the same type of conduct which did not result in discipline for similarly situated male employees engaging in the same behavior.
Even though petitioner is not seeking damages other than lost wages and benefits and future pecuniary damages, the trial court granted respondent's motion for psychological examination, which alleged that petitioner's mental condition was in controversy. The motion was also grounded on the fact that petitioner had retained a psychological expert to testify that petitioner's gender was a substantial motivating cause of her treatment by her employer which was requiring her to conform her behavior to stereotypical notions of how a woman should behave. This expert, however, testified on deposition that she did not meet with or speak to petitioner, nor did she evaluate her. She was merely testifying based on the facts.
Petitioner seeks review based on section 90.503(2), Florida Statutes (2008), which protects a patient from having to disclose confidential communications or records made for the purpose of diagnosis or treatment of the patient's mental or emotional condition. Under section 90.503(4)(c), there is no privilege for communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which the patient relies on that condition as an element of a claim or defense.
Petitioner argues that she is making no claims for mental or emotional distress, and accordingly her psychological records going back eight years, which the trial court ordered her to produce, are privileged.
A party seeking to depose a psychotherapist or obtain records which are privileged under the statute has the burden of demonstrating that the patient's mental condition has been introduced as an issue in the case. Palm Beach Co. Sch. Bd. v. Morrison, 621 So.2d 464 (Fla. 4th DCA 1993). Respondents have failed to cite any authority which, under the facts in this case, would make the information discoverable. It is petitioner's behavior on the job which is at issue, not her mental or emotional state of health. We accordingly grant the petition and quash the order of production.
GROSS and MAY, JJ., concur.