LAGOA, J.
 

 Petitioners Luis Enrique Cruz-Govin and Luis N. Cruz, Jr., seek a writ of certiorari quashing several discovery orders, including a June 16, 2009 order denying their motion for protective order.
 
 [1]
 
 Because we hold that the orders requiring disclosure of Cruz-Govin’s substance abuse treatment information and records violate his psychotherapist-patient privilege, we conclude that the trial court departed from the essential requirements of law. Accordingly, we grant the petition for certiorari and quash the orders.
 
 [2]
 

 I.
 
 FACTUAL AND PROCEDURAL HISTORY
 

 On September 11, 2008, a car driven by Cruz-Govin and a car driven by Wilson Torres collided, resulting in serious injuries to Torres and the death of his wife, a passenger in his car. Torres, individually, and as personal representative of his -wife’s estate, filed a negligence action against Cruz-Govin, his father, Luis Cruz, Jr. (the owner of the car), and his mother, Claribel Lopez-Cruz.
 

 After filing suit, Torres learned that several months after the accident, Cruz-Govin had been admitted to Sober College, a drug rehabilitation facility, located in California. Torres sought the issuance of a subpoena requiring Sober College to produce Cruz-Govin’s post-accident sub
 
 *395
 
 stance abuse treatment records.
 
 [3]
 
 Torres also sought orders from the trial court compelling Cruz-Govin’s parents to answer interrogatories concerning their son’s treatment. The trial court rejected the petitioners objections to such discovery, and denied them motion for a protective order. This petition for writ of certiorari followed.
 

 II.
 
 ANALYSIS
 

 Certiorari is the proper vehicle to review discovery orders that require the production of information and records that are protected by the statutory psychotherapist-patient privilege. The entiy of an order compelling the disclosure of communications protected by a legal privilege is a departure from the essential requirements of the law.
 
 Segarra v. Segarra,
 
 932 So.2d 1159, 1160 (Fla. 3d DCA 2006);
 
 see also Viveiros v. Cooper,
 
 832 So.2d 868, 869 (Fla. 4th DCA 2002);
 
 Palm Beach County Sch. Bd. v. Morrison,
 
 621 So.2d 464, 468 (Fla. 4th DCA 1993).
 

 Section 90.503(2), Florida Statutes (2009), provides that a patient has a privilege to decline to disclose information or records that are made in the diagnosis or treatment of mental conditions. The statutory privilege specifically applies to “confidential communications or records made for the purpose of diagnosis or treatment of the patient’s mental or emotional condition, including alcoholism and other drug addiction.” It is undisputed that the requested discovery falls within the purview of the statute. The only question is whether the requested discovery falls within one of the three exceptions to the privilege provided by statute, i.e., communications that are: (a) relevant to an issue in involuntary commitment proceedings; (b) made in the course of a court-ordered mental examination; or (c) relevant to an issue of the patients mental or emotional condition which the patient relies upon as an element of his or her claim or defense.
 
 See
 
 90.503(4)(a)-(e);
 
 State v. Famiglietti,
 
 817 So.2d 901, 903-04 (Fla. 3d DCA 2002) (en banc).
 

 Torres asserts that the section (4)(c) exception is applicable, i.e., communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which the patient relies upon the condition as an element of his or her claim or defense. Torres, the party seeking production of the privileged information, has the burden to demonstrate that this exception to the privilege applies.
 
 See Brousseau v. Broward County Bd. of Comm’rs,
 
 992 So.2d 882, 883 (Fla. 4th DCA 2008);
 
 Quinney v. Quinney,
 
 890 So.2d 407, 409 (Fla. 5th DCA 2004);
 
 Morrison,
 
 621 So.2d at 468. In support of his position, Torres relies upon: the allegations of the amended complaint stating that at the time of the accident Cruz-Govin was under the influence of drugs, alcohol, prescription medication and/or over-the-counter medication which impaired his ability to drive in a safe manner; the defendants denial of this allegation in their answer to the complaint; and, based on the discovery obtained to this point, a strong inference that Cruz-Govin was under the influence of illegal substances at the time of the accident.
 
 [4]
 

 
 *396
 
 We conclude that Torres did not meet his burden of showing that an exception to the psychotherapist/patient privilege applies. First, the complaints allegations as to Cruz-Govin’s impairment and the strong inference from other discovery of illegal drug use do not abrogate the privilege. The statutory exception applies when the
 
 patient,
 
 not the opposing party who seeks the privileged information, places his mental health at issue. Torres “cannot pierce the privilege by filing a claim that makes an issue of [Cruz-Go-vin’s] mental health.”
 
 Viveiros,
 
 832 So.2d at 869;
 
 Bandorf v. Volusia County Dep’t of Com.,
 
 939 So.2d 249, 251 (Fla. 1st DCA 2006);
 
 Cohen v. Cohen,
 
 813 So.2d 1060, 1061 (Fla. 4th DCA 2002);
 
 Morrison,
 
 621 So.2d at 469;
 
 Hall v. Spencer,
 
 472 So.2d 1205, 1206 (Fla. 4th DCA 1985).
 

 Second, Cruz-Govin did not place his mental or emotional condition at issue by merely denying the opposing party’s allegations or suggestions of impairment at the time of the accident. It is Torres’s allegations of impairment that have made Cruz-Govin’s treatment a part of the case. Absent these allegations, Cruz-Govin would not have addressed this issue in his case.
 
 See C.L. v. Judd,
 
 993 So.2d 991, 995-96 (Fla. 2d DCA 2007);
 
 Leonard v. Leonard,
 
 673 So.2d 97, 99 (Fla. 1st DCA 1996);
 
 Peisach v. Antuna,
 
 539 So.2d 544, 546 (Fla. 3d DCA 1989);
 
 see also Silveus v. Silveus,
 
 807 So.2d 790 (Fla. 2d DCA 2002) (quashing order directing release of psychological records holding that petitioner did not place her mental health at issue by presenting evidence to counter allegations that she was mentally unstable);
 
 Arias v. Urban,
 
 595 So.2d 230 (Fla. 3d DCA 1992) (holding that patient-defendant or anyone authorized to act on his behalf did not waive the psychotherapist-patient privilege by denying the complaint allegations as to knowledge of the patient-defendants mental instability).
 

 Finally, Cruz-Govin has not relied on his mental or emotional condition as part of his defense in this case. In his answer, he raises several affirmative defenses, including comparative negligence, unforeseeability, failure to use a seat belt, and third-party negligence. These defenses, however, do not put his mental or emotional condition at issue.
 
 See C.L.,
 
 993 So.2d at 995-96 (holding that psychotherapist-patient privilege was not abrogated when the defendant raised defenses of estoppel and duress);
 
 Morrison,
 
 621 So.2d at 468 (same; defenses that defendant acted reasonably and in good faith). Because Cruz-Govin has not relied upon his mental or emotional condition in this case, section 90.503(4)(c) does not abrogate the asserted privilege.
 

 Accordingly, we grant the petition for certiorari and quash the discovery orders at issue.
 

 Petition granted.
 

 [1]
 

 . On May 21, 2009, the trial court also entered orders permitting Wilson Torres to subpoena Cruz-Govin’s Sober College records, and compelling Cruz-Govin's father to answer interrogatories concerning Cruz-Govin's participation in the Sober College drug rehabilitation program.
 

 [2]
 

 . We also hold that the trial court abused its discretion in finding that Cruz-Govin waived the psychotherapist-patient privilege by failing to file a privilege log. Because petitioners' objection is "category,” not "document,'' specific, they were not required to file a privilege log. See
 
 Nevin v. Palm Beach County Sch. Bd.,
 
 958 So.2d 1003, 1008 (Fla. 1st DCA 2007) ("Waiver for failure to file a privilege log should not apply where assertion of the privilege is not document-specific, but category specific and the category itself is plainly protected.”).
 

 [3]
 

 . Because we hold that the privilege precludes production of the information and records, we need not consider whether issuance of the subpoena to Sober College complied with other applicable provisions of Florida Rule of Civil Procedure 1.351(b). We note, however, that Torres failed to file a notice of intent to serve the subpoena, giving the petitioners ten-day notice, and that the subpoena did not inform the recipient that it may object.
 
 See Figaro v. Bacon-Green,
 
 734 So.2d 579 (Fla. 3d DCA 1999).
 

 [4]
 

 . Following a search, some items were taken from Cruz-Govin's car and sent to NMS Labs
 
 *396
 
 for testing. The tests revealed the presence of trace amounts of cocaine, THC and marijuana.