HAZOURI, J.
Petitioners Jason F. Brown (Jason), Douglas Brown, and Jacqueline F. Brown, the defendants in a wrongful death and personal injury action pending below, seek review of a nonfinal order of the circuit court which overruled their objection to the production of records of Jason’s post-accident substance abuse treatment, as to which he claimed the psychotherapist-patient privilege. Concluding that the trial court departed from the essential requirements of law, we grant the petition.
According to the complaint, on January 30, 2010, Jason was driving a 2010 Honda Accord owned by Douglas B. Brown and Jacqueline F. Brown, with their consent, when he negligently caused it to collide with the Honda Odyssey minivan being driven by Nya Yanitza Montanez, causing the death of Montanez’s infant daughter, Yanely Gonzalez; personal injury to Mon-tanez’s son, Eduardo Gonzalez, Jr.; and personal injury to Montanez herself.
The accident resulted in the filing of criminal charges against Jason. While those charges were pending, in March 2010 he was released on bond on the condition that he be transported directly to the Delray Recovery Center (the Center) and remain there, following all recommended treatment, until further order of the court. In July 2010, pursuant to another agreed order modifying bond, Jason was allowed to leave the Center and to reside with his parents in Delaware. In August 2010, he pleaded guilty and was adjudicated guilty of DUI manslaughter, DUI causing serious bodily injury, and DUI causing injury to person or property.
In April 2010, Montanez and her husband, Eduardo Gonzalez, individually, in their capacity as personal representatives of Yanely’s estate, and in their capacity as parents and natural guardians of Eduardo Jr. (collectively, Plaintiffs), filed a civil action against Jason and his parents (collec *984 tively, Defendants). The amended complaint alleged that Jason was on a crack cocaine binge at the time of the accident, and his parents knew that he had had a severe problem with substance abuse and had a very poor driving record. Count I was against Jason for Yanely’s wrongful death; counts II and III were against Jason’s father and mother, respectively, for vicarious liability for Yanely’s wrongful death; count IV was against Jason for Eduardo, Jr.’s personal injuries; counts V and VI were against Jason’s father and mother, respectively, for vicarious liability for Eduardo, Jr.’s personal injuries; count VII was against Jason for Montanez’s personal injuries; counts VIII and IX were against Jason’s father and mother, respectively, for vicarious liability for Montanez’s personal injuries; count X was against Jason for Eduardo’s loss of consortium with respect to his wife, Montanez; counts XI and XII were against Jason’s father and mother, respectively, for Eduardo’s loss of consortium with respect to his wife; count XIII was against Jason for the plaintiff couple’s loss of consortium as to Eduardo, Jr.; counts XIV and XV were against Jason’s father and mother, respectively, for the plaintiff couple’s loss of consortium as to Eduardo, Jr.; count XVI was against Jason for punitive damages; and count XVII was against Jason’s father Douglas for negligent entrustment of motor vehicle to Jason.
In September 2011, Plaintiffs served a notice of production from nonparty and subpoena duces tecum without deposition addressed to the records custodian of four institutions, one of which was the Center. With respect to the Center, they requested its complete file on Jason. Defendants objected based on relevance and privilege. In response, Plaintiffs noted that Jason had testified that he was ordered to undergo treatment there as a condition of his bond. They cited section 90.503(4)(c), Florida Statutes, which provides as follows:
(4) There is no privilege under this section:
* * *
(c) For communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which the patient relies upon the condition as an element of his or her claim or defense or, after the patient’s death, in any proceeding in which any party relies upon the condition as an element of the party’s claim or defense.
(Emphasis added.)
They also argued that a deferred prosecution agreement in which a criminal defendant seeks drug treatment can place the defendant’s mental health at issue and waive the privilege, citing Saenz v. Alexander, 584 So.2d 1061 (Fla. 1st DCA 1991) (holding that, by entering into deferred prosecution agreement consenting to disclosure of his communications with psychotherapist to his probation officer, defendant waived psychotherapist-patient privilege).
Finally, they also relied on David J. Burton, D.M.D., P.A. v. Becker, 516 So.2d 283 (Fla. 2d DCA 1987) (holding that medical records of the physician’s treatment for drug abuse were subject to disclosure in medical malpractice case, because section 397.053(2), Florida Statutes (1985),[1] per *985 mits court to order disclosure of drug treatment records when good cause is shown).
In November 2011, Defendants served their reply to Plaintiffs’ response to objections to Plaintiffs’ notice of production to non-parties. With respect to the Center, they argued that section 90.503(4)(c) did not apply because Jason was not relying on his mental or emotional condition as an element of his defense; Jason never waived his psychotherapist-patient privilege by consenting to disclosure in writing, as was the case in Saenz; and Plaintiffs had the burden of demonstrating good cause but had failed to do so.
At the hearing on Defendants’ objections, Plaintiffs pointed out that there was a punitive damage claim against Jason, and a negligent entrustment claim against the parents. They requested the records in question in order to see if they might lead to any other relevant evidence because Jason’s mother had testified on deposition that her son did not remember anything about the accident because he suffered a concussion, and Jason had claimed he did not remember anything.
The trial court overruled Defendants’ objections citing Archbishop Coleman F. Carroll High School, Inc. v. Maynoldi, 30 So.3d 533 (Fla. 3d DCA), rev. denied, 47 So.3d 1289 (Fla.2010), and Defendants sought certiorari relief.[2]
A discovery order that requires the production of information and records that are protected by the statutory psychotherapist-patient privilege is reviewable by cer-tiorari. Smith v. Smith, 64 So.3d 169, 170 (Fla. 4th DCA 2011).
The psychotherapist-patient privilege, described in section 90.503, Florida Statutes, protects the confidential communications between the patient and the psychotherapist and the. records of mental health treatment from disclosure to third parties. The statute specifically applies to communications and records “including alcoholism and other drug addiction, between the patient and the psychotherapist, or persons who are participating in the diagnosis or treatment under the direction of the psychotherapist.” § 90.503(2), Fla. Stat. (2011) (emphasis added).
Included within the definition of “psychotherapist,” for purposes of the privilege, are
*986 Treatment personnel of facilities licensed by the state pursuant to chapter 394, chapter 395, or chapter 397, of facilities designated by the Department of Children and Family Services pursuant to chapter 394 as treatment facilities, or of facilities defined as community mental health centers pursuant to s. 394.907(1), who are engaged primarily in the diagnosis or treatment of a mental or emotional condition, including alcoholism and other drug addiction[.]
§ 90.503(l)(a)4, Fla. Stat. (2011) (emphasis added). In this case, the Center is licensed under chapter 397. According to the petitioners, confidential and privileged communications were made between Jason and his psychotherapists for the diagnosis and treatment of his drug addiction, falling within the privilege provided by the statute.
The statute provides for three exceptions, but we agree with the petitioners that none of them applies to Jason:
(4) There is no privilege under this section:
(a) For communications relevant to an issue in proceedings to compel hospitalization of a patient for mental illness, if the psychotherapist in the course of diagnosis or treatment has reasonable cause to believe the patient is in need of hospitalization.
(b) For communications made in the course of a court-ordered examination of the mental or emotional condition of the patient.
(c) For communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which the patient relies upon the condition as an element of his or her claim or defense or, after the patient’s death, in any proceeding in which any party relies upon the condition as an element of the party’s claim or defense.
§ 90.503(4)(a)-(c), Fla. Stat. (2011).
The party seeking the privileged documents has the burden of proving that an exception to the privilege applies. E.g., Cruz-Govin v. Torres, 29 So.3d 393 (Fla. 3d DCA 2010). Here, Plaintiffs’ position is based on subsection 90.503(4)(c), which provides an exception to the privilege when a party “relies upon the condition as an element of the party’s claim or defense,” in that Jason’s mother and Jason both testified that Jason had no recollection of the accident. But this testimony does not fall within the exception; additionally, Jason’s mother’s testimony would not waive Jason’s privilege because it is the patient who must rely on the condition for a claim or defense. Subsections (4)(a) and (4)(b) clearly do not apply.
As for the treatment being a condition of Jason’s bond, Defendants point out that in Viveiros v. Cooper, 832 So.2d 868, 869 (Fla. 4th DCA 2002), this court held the fact that the petitioner’s treatment was pursuant to a plea agreement did not make the treatment a court-ordered examination pursuant to subsection 90.503(4)(b).
Neither can the party seeking discovery pierce the privilege by filing a claim that makes an issue of the opposing party’s mental health. Id.; Cruz-Govin v. Torres, 29 So.3d at 396 (“The statutory exception applies when the patient, not the opposing party who seeks the privileged information, places his mental health at issue.”).
Plaintiffs’ reliance on the Saenz case is misplaced; there, the criminal defendant waived his privilege in writing, but Jason has not done so. Nor was he sent to the Center as part of a plea agreement or a deferred prosecution agreement; nor was he advised that his communications with *987 psychotherapists at the Center might be disseminated to any third party. He was sent there as a condition of his bond.
Finally, we find the Archbishop Coleman F. Carroll case is not on point. In that case, the parents recovered a verdict against a parochial school and the diocese after their seventeen-year-old son was injured driving into a tree after consuming alcohol at an end-of-school-year party at a private residence. One of the issues in the appeal by the school and the diocese was that the trial court had abused its discretion in excluding records and testimony of the student’s significant and recent treatment for alcohol abuse, and the court concluded that it had: “The prior treatment and Gabriel’s admissions regarding his abuse of alcohol were directly relevant to, and probative of, the specific knowledge of the parents, their level of supervision of Gabriel, his access to a motor vehicle, and the jury’s allocation of comparative fault.” 30 So.3d at 545 (emphasis added).
That case is distinguishable because there, the plaintiff parents had the ability to waive their son’s privilege on his behalf by relying on their child’s mental state of intoxication at the time of the incident as an element of their claim. It is also distinguishable in that the case involved the production of prior treatment records, which were relevant to prove the parents’ knowledge of their child’s substance abuse problem, while here the treatment occurred after the motor vehicle accident at issue.
Post-accident treatment records were at issue in Cruz-Govin v. Torres, a case which is very similar to the instant one. Following an automobile accident in which Torres was injured and his wife was killed, Torres sued Cruz-Govin, the driver of the other vehicle, and Cruz-Govin’s father, the owner of that vehicle. Later Torres learned that, after the accident, Gruz-Go-vin was admitted to a drug rehabilitation facility; Torres requested the post-accident treatment records. Cruz-Govin and his father objected, but the trial court overruled their objections. 29 So.3d at 394-95.
Torres, who had the burden of establishing an exception to the psychotherapist-patient privilege, argued that the 90.503(4)(c) exception applied because of the allegations of his amended complaint, stating that Cruz-Govin was under the influence of drugs, alcohol, prescription medication and/or over-the-counter medication at the time of the accident, impairing his ability to drive in a safe manner; the defendants’ denial of this allegation in their answer; and other discovery supporting an inference that Cruz-Govin was under the influence of illegal substances at the time of the accident. Id. at 395.
But the Third District found the allegations and the inference did not abrogate the privilege because the patient — Cruz-Govin — did not place his mental condition at issue merely by denying Torres’s allegations, or by his own defenses, such as comparative negligence, unforeseeability, failure to use a seat belt, and third-party negligence. Because Torres did not meet his burden, the court granted the petition and quashed the challenged discovery orders. Id. at 396.
We likewise quash the order on review, insofar as it pertains to nonparty Delray Recovery Center.
In the event the petition was granted, Plaintiffs have asked this court to provide for the trial court to conduct an in camera inspection of the records sought to be produced. While Defendants argue that the Center’s records are unequivocally privileged by section 90.503, and their production cannot be compelled unless one of the statutory exceptions applies, citing State v. Roberson, 884 So.2d 976 (Fla. 5th DCA 2004), rev. denied, 895 So.2d 406 *988 (Fla.2005), we recognize there is authority that substance abuse treatment records may be the subject of an in camera inspection. Viveiros v. Cooper, 882 So.2d 868, 870 (Fla. 4th DCA 2002); Appel v. Quilantang, 629 So.2d 1004 (Fla. 4th DCA 1993).
However, we decline to provide for in camera inspection in this case because Plaintiffs have not demonstrated any likelihood that the records will be relevant to any issue in the case. See generally Katlein v. State, 731 So.2d 87, 90 (Fla. 4th DCA 1999) (explaining that, in determining whether there was good cause to disclose Baker Act records — which also are subject to in camera inspection and disclosure when good cause is shown, § 394.4615, Fla. Stat. — the party seeking the records first had to make a threshold showing that the privileged records were likely to contain relevant evidence, a “good faith factual basis,” not mere grasping and not a fishing expedition) (citing People v. Gissendanner, 48 N.Y.2d 543, 423 N.Y.S.2d 893, 399 N.E.2d 924 (1979)).

Petition Granted.

MAY, C.J., and TAYLOR, J., concur.

. Section 397.053 was repealed by chapter 93-39, section 49, Laws of Florida, effective Oct. 1, 1993. However, the 2011 version of the statutes contains section 397.501, which provides for the rights of clients receiving substance abuse services. Subsection 397.501(7)(a), Florida Statutes (2011) (emphasis added), provides for the confidentiality of records, with the following exceptions:
Such records may not be disclosed without the written consent of the individual to whom they pertain except that appropriate disclosure may be made without such consent:
*985 1. To medical personnel in a medical emergency.
2. To service provider personnel if such personnel need to know the information in order to carry out duties relating to the provision of services to an individual.
3. To the secretary of the department or the secretary’s designee, for purposes of scientific research, in accordance with federal confidentiality regulations, but only upon agreement in writing that the individual's name and other identifying information will not be disclosed.
4. In the course of review of service provider records by persons who are performing an audit or evaluation on behalf of any federal, state, or local government agency, or third-party payor providing financial assistance or reimbursement to the service provider; however, reports produced as a result of such audit or evaluation may not disclose names or other identifying information and must be in accordance with federal confidentiality regulations.
5.Upon court order based on application showing good cause for disclosure. In determining whether there is good cause for disclosure, the court shall examine whether the public interest and the need for disclosure outweigh the potential injury to the individual, to the service provider and the individual, and to the service provider itself.

. After the instant petition was filed, the trial court granted Plaintiffs’ motion for partial summary judgment as to Jason's liability, providing he is estopped from asserting any liability defenses. His parents are still entitled to raise affirmative defenses.