# Third District Court of Appeal

## State of Florida

Opinion filed May 9, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2265
Lower Tribunal No. 13-12254
_____


**Carlos Rodriguez,**
Petitioner,

vs.

**City of South Miami, et al.,**
Respondents.



A Writ of Certiorari to the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

BERRIO & BERRIO, P.A., and Juan D. Berrio, for petitioner.

Thomas F. Pepe, City Attorney, for respondents.

Before SALTER, EMAS and FERNANDEZ, JJ.

EMAS, J.

Petitioner Carlos Rodriguez seeks certiorari review of the trial court's order compelling Rodriguez to sign a document authorizing the release of certain mental health records and production of those records to respondent City of South Miami. Because these records are protected by the psychotherapist-patient privilege, and because the City of South Miami failed to meet its burden in overcoming this privilege, the trial court's order departs from the essential requirements of law, resulting in material injury that cannot be corrected on postjudgment appeal. We therefore grant the petition and quash the order under review.

On April 8, 2013, the City of South Miami filed a petition seeking a temporary and permanent injunction (restraining order) on behalf of itself and nine of its elected or appointed officers and employees (collectively, "the City").

The following day, and pursuant to Florida Rule of Civil Procedure 1.610, the trial court entered an *ex parte* temporary restraining order in favor of the City. That order was continued in force by a court order on May 3, 2013, and remained in force for nearly four years. In March 2017, Rodriguez filed a motion to dissolve the temporary restraining order. In his motion, Rodriguez alleged that the temporary restraining order should never have been issued in the first place because the allegations in the City's petition were legally insufficient. Specifically, Rodriguez contended that the City's petition did not satisfy the requirements for an injunction under section 784.046(1)(b), Florida Statutes

2

(2013).[1] Rodriguez's motion seeking dissolution of the temporary injunction was directed solely at the alleged legal insufficiency of the original petition filed by the City.

However, in the concluding paragraph of his motion to dissolve, Rodriguez added the following sentence: "[Rodriguez] is stable, taking medication, and regularly seeing his psychiatrist Enrique G. Casuso."

Seizing upon this single sentence, the City asserts that Rodriguez's motion was "premised on the allegation that [Rodriguez] was mentally stable and implied that his stability was because he was taking medication and seeking treatment." Accordingly, the City subpoenaed several of Rodriguez's healthcare providers for Rodriguez's medical records, and when Rodriguez objected, the City filed a motion to compel Rodriguez to sign a medical authorization for his healthcare providers to produce his medical records and to testify as to the records and Rodriguez's medical condition.

Rodriguez objected and asserted a psychotherapist-patient privilege, pursuant to section 90.503(2), Florida Statutes (2017). The City contended that Rodriguez placed his mental health status at issue in his motion to dissolve the

---

[1] That subsection provides: "'Repeat violence' means two incidents of violence or stalking committed by the respondent, one of which must have been within 6 months of the filing of the petition, which are directed against the petitioner or the petitioner's immediate family member." We express no opinion on the merits of Rodriguez's motion to dismiss.

temporary injunction, and thus, was no longer protected by the psychotherapist-patient privilege. The trial court overruled Rodriguez's objection and entered an order requiring Rodriguez to "sign a medical authorization including release of sensitive mental health records of the facilities of Dr. Enrique Casuso, Jackson Health Systems, South Florida Evaluation and Treatment Center and South Winds Hospital, to the attorney for the City of South Miami within 15 days of this order."

We have jurisdiction to review, by certiorari, the order compelling production of Rodriguez's mental health records. "A discovery order that requires the production of information and records that are protected by the statutory psychotherapist-patient privilege is reviewable by certiorari." Brown v. Montanez, 90 So. 3d 982, 985 (Fla. 4th DCA 2012). See also Cruz-Govin v. Torres, 29 So. 3d 393 (Fla. 3d DCA 2010).

To seek certiorari relief, Rodriguez must demonstrate that the order 1) constitutes a departure from the essential requirements of the law; 2) resulting in material injury for the remainder of the case; 3) that cannot be corrected on postjudgment appeal. Bd. of Trs. of Internal Improvement Trust Fund v. Am. Educ'l Enters., LLC, 99 So. 3d 450, 454 (Fla. 2012); Reeves v. Fleetwood Homes of Fla., Inc., 889 So. 2d 812, 822 (Fla. 2004); Rousso v. Hannon, 146 So. 3d 66 (Fla. 3d DCA 2014).

Section 90.503(2) provides:

A patient has a privilege to refuse to disclose, and to prevent any other person from disclosing, confidential communications or records made for the purpose of diagnosis or treatment of the patient's mental or emotional condition, including alcoholism and other drug addition, between the patient and the psychotherapist, or persons who are participating in the diagnosis or treatment under the direction of the psychotherapist. This privilege includes any diagnosis made, and advice given, by the psychotherapist in the course of that relationship.

The statute provides for three exceptions, permitting disclosures of otherwise-confidential communications that are: (a) relevant to an issue in involuntary commitment proceedings; (b) made in the course of a court-ordered mental examination; or (c) relevant to an issue of the patient's mental or emotional condition *which the patient relies upon as an element of his or her claim or defense*. See § 90.503(4)(a)-(c), Fla. Stat. (2017) (emphasis added); Cruz-Govin, 29 So. 3d at 395. The party seeking the privileged documents has the burden of proving that an exception to the privilege applies. Id. Here, the City urges application of the exception in subsection (4)(c), contending that Rodriguez relied upon his mental condition as a basis for seeking to dissolve the temporary restraining order entered against him. In support of its position, the City points to the one sentence in the final paragraph of Rodriguez's motion: "[Rodriguez] is stable, taking medication, and regularly seeing his psychiatrist Enrique G. Casuso."

We find the City's position unpersuasive. The single sentence contained in Rodriguez's motion to dissolve was not relevant to the solitary legal basis urged for dissolution of the temporary restraining; the entire thrust of Rodriguez's motion

5

was that the allegations in the City's petition were legally insufficient. Thus the City's assertion that Rodriguez's motion "was premised" on allegations of his current mental stability, is simply incorrect. Rather, the single sentence in the concluding paragraph of Rodriguez's motion was merely surplusage,[2] and Rodriguez did not, by this statement, rely upon his mental or emotional condition as an element of his claim or defense. See Commercial Carrier Corp. v. Kelley, 903 So. 2d 240 (Fla. 5th DCA 2005).

Because the City failed to meet its burden in overcoming the psychotherapist-patient privilege, the trial court's order departed from the essential requirements of the law. The compelled production of these mental health records would cause material injury for the remainder of the case, and cannot be corrected on postjudgment appeal.

Accordingly, we grant the petition for certiorari and quash the order which compelled Rodriguez to sign a medical authorization for the release of his mental

---

[2] It appears that this single sentence in Rodriguez's motion to dissolve was included merely in response to the City's allegation, in its petition for a restraining order, that Rodriguez was mentally unstable because he was exhibiting a "psychological disorder" and having a history of "psychotic breaks" with reality. It was the City, and not Rodriguez, that sought to place Rodriguez's mental health at issue. "The statutory exception applies when the *patient*, not the opposing party who seeks the privileged information, places his mental health at issue." Cruz-Govin, 29 So. 3d at 396. Therefore, the City "cannot pierce the privilege by filing a claim that makes an issue of [Rodriguez's] mental health." Id. (quoting Viveiros v. Cooper, 832 So. 2d 868, 869 (Fla. 4th DCA 2002)).

6

health records.  We remand this cause for further proceedings consistent with this opinion.