DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MAUREEN STOYKA,**
Petitioner,

v.

**MARY GRECZ; MICHAEL GRECZ; THE TIDES AT BRIDGESIDE
SQUARE CONDOMINIUM ASSOCIATION, INC.,** a Florida corporation;
and **DAG M. HANSSON,**
Respondents.

No. 4D19-1607

[October 2, 2019]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Nicholas R. Lopane, Judge; L.T. Case No. 15-018369 CACE (03).

Richard G. Rosenblum of Walton Lantaff Schroeder & Carson LLP, Fort Lauderdale, for petitioner.

Michael B. Stevens, Jon D. Derrevere and Shirley Jean McEachern of Derrevere Stevens Black & Cozad, West Palm Beach, for respondent Mary Grecz.

PER CURIAM.

Petitioner, the defendant in a pending slip and fall action, seeks a writ of certiorari to quash a trial court's order requiring that she disclose medical and pharmaceutical information. We grant the petition because petitioner is correct that discovery of this private and confidential medical information is protected and not permitted in this action. *See Brooks v. Brooks*, 239 So. 3d 758, 761 (Fla. 1st DCA 2018) ("The records of husband's treating physician, the medical facility, and the pharmacy fall within the ambit of the statutory privilege, and that privilege is only waived under the extreme circumstances described in the case law."); *Brown v. Montanez*, 90 So. 3d 982, 987 (Fla. 4th DCA 2012) (quashing order requiring production of defendant motorist's post-accident substance abuse treatment records).

In the case below, the plaintiff slipped in a condominium's elevator. Plaintiff alleges that petitioner caused her to slip and fall when petitioner returned from a restaurant, spilled her beverage in the elevator, and failed to clean up the spill or notify the building staff.

The party seeking the privileged documents has the burden to prove that an exception applies. *Brown,* 90 So. 3d at 986. Plaintiff failed to meet that burden since petitioner has not placed her medical condition at issue, and the medical information is irrelevant to the question of whether petitioner was negligent. *See id.* at 986-88. Accordingly, we grant the petition and quash the trial court's order.

*Petition granted, order quashed.*

MAY, DAMOORGIAN and CIKLIN, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

2