472 So.2d 1205 (1985)
Floyd Joseph HALL and Waste Management, Inc., Petitioners,
v.
Clarence R. SPENCER, et al., Respondents.
No. 85-477.
District Court of Appeal of Florida, Fourth District.
May 1, 1985.
Patrick B. Flanagan, West Palm Beach, for petitioners.
Montgomery, Lytal, Reiter, Denney & Searcy and Edna L. Caruso, West Palm Beach, for respondents.
*1206 GLICKSTEIN, Judge.
This is a petition for writ of common law certiorari for review of a production order. We grant the petition and quash the order.
The facts reflect that Floyd Joseph Hall was the driver and Waste Management, Inc., the owner of a garbage truck involved in an accident at 8:00 a.m. on February 5, 1983, with a vehicle containing Clarence R. Spencer and other plaintiffs. Plaintiffs sued Hall and Waste Management for injuries they sustained.
At deposition Hall testified he was an alcoholic who drank one to two six-packs daily after finishing his shift and that once he got started he would drink until he passed out. Hall said he did not recall that anything special happened on the morning of February 5, 1983 prior to the accident. Hall admitted he had on occasion driven while intoxicated and had had an accident once under those circumstances but was not charged with driving while intoxicated. He had operated a garbage truck on occasion after he had been drinking. He was once arrested for driving while intoxicated but the case got thrown out because he was not driving.
Hall stated he had voluntarily participated in an alcohol abuse treatment program at Lake Hospital in the spring of 1984. Hall denied he was intoxicated the morning of the subject accident, but there was reportedly evidence he had had a can of beer and had taken a caffeine-based pill that morning.
Plaintiffs/respondents moved to produce Lake Hospital's records concerning Hall's alcohol abuse treatment, claiming the information was needed so that they could prepare their case and conduct meaningful discovery. They said the records bore upon Hall's judgment and ability to recall what had happened at the time of the accident.
The court held a hearing on the motion on February 20, 1982. Petitioners opposed the production, claiming the material sought was privileged and confidential under both state and federal law and regulations. Plaintiffs/respondents argued the records could, under state law and Florida Rule of Civil Procedure 1.280, be disclosed on a showing of good cause, which they contended they had made. The trial court granted the motion.
The parties agreed not to seek enforcement of the production order until this court reviewed the order. They also agreed to move for expeditious review of the order because of the trial of the action being scheduled for May 6, 1985.
The issue is whether the trial court exceeded the essential requirements of law when it ordered production of a hospital's alcohol abuse treatment center's records pertaining to a tort defendant who participated in the center's program some time after the alleged tort occurred. We conclude that it did.
Petitioners oppose disclosure of Hall's communications to the Hospital personnel because they are privileged under section 90.503(2), which concerns confidential communications of a patient with his psychotherapist, or persons assisting the psychotherapist, in connection with diagnosis or treatment of his mental or emotional condition. The patient or his counsel may assert the patient's privilege. § 90.503(3). Section 90.503(4) states as one of the exceptions to the privilege the case where the communications are relevant to an issue of the patient's mental or emotional condition in a proceeding where the patient relies on the condition as an element of his claim or defense. Respondents maintain that Hall is planning to use his mental or emotional condition as a defense, but Hall denies this. Respondents appear to be looking for ammunition to attack Hall's credibility on the ground that his alcoholism affects his ability to recall what happened the morning of the accident. That is far different from Hall's using his mental or emotional condition as a defense. In our view, it is the plaintiffs/respondents, not Hall, who wish to place his mental or emotional condition in issue.
*1207 Respondents also argue they have a right to introduce habit evidence to support their contention Hall was under the influence of alcohol at the time of the accident. This may be true, but it does not overcome Hall's privilege as to the diagnosis and treatment records. Hall has admitted his drinking habit and its history. That admission surely provides adequate habit evidence for plaintiffs/respondents to use. Respondents do not need Lake Hospital's records to bolster this evidence.
Petitioners also rely on section 396.112 and related sections of Florida's alcoholism statute to support the confidentiality of the treatment records. Section 396.112 makes registration and other treatment records of an alcoholism patient confidential and privileged unless disclosure is consented to by the patient. There is an exception for disclosure to treatment personnel who need to know, to counsel who needs the information because of involuntary treatment proceedings, and to reliable researchers provided they assure the patient's identity will be concealed. A court may order disclosure without the patient's consent when good cause has been shown.
We do not think respondents' reasons for seeking access in the instant case qualify as good cause. The court in determining good cause is to weigh the need for disclosure against its harm to the patient. In light of the purpose of the statute to encourage alcoholics to obtain treatment and throw off the habit by protecting them from public dissemination of information about their treatment, we think Hall's interest in confidentiality clearly outweighs plaintiffs' need for the information, which is at best cumulative. If Hall should need further treatment, this disclosure might well have a chilling effect on his seeking it. One may hypothesize he has bared some secrets to his therapists that ought not to be made public.
Petitioners indicate Lake Hospital's program is subject to federal statutory and regulatory strictures on disclosure because some of the program's patients are Medicare recipients. An affidavit of Dr. Penn supports this contention. In light of the state law basis for the privilege, we opt not to concern ourselves with whether the federal non-disclosure regulations, which also require a balancing test to be applied, indeed pertain.[1]
Finally, respondents rely in part on rule 1.280(b)(1), Florida Rules of Civil Procedure, to support their position, in that matter need not necessarily be admissible in court to be subject to discovery, so long as the information may reasonably lead to discovery of admissible evidence. They overlook, however, the fact that rule 1.280(b)(1) refers to matter not privileged.
HURLEY, J., concur.
LETTS, J., dissenting without opinion.
NOTES
[1] Respondents argue that the argument based on the federal limits on the scope of discovery of information by alcohol abuse treatment centers were not raised before the trial court and should not be discussed here. Since there is Florida law governing the present issue, and we are not considering the federal questions, this argument is moot.