PER CURIAM.
We treat this petition for writ of prohibition as a petition for certiorari. Fla.R. App.P. 9.040(c).
Jack Beck was killed by the accidental discharge of a handgun. Two proceedings resulted:
*1379 1. A petition for the administration of his estate was filed in Indian River County in December, 1985.
2. In November 1986, the personal representative filed a wrongful death/products liability action against the handgun manufacturer, R.G. Industries, Inc., in Brevard County.
Before the wrongful death action was filed the personal representative sought discovery in the estate proceeding from R.G. Industries, which discovery could only be relevant to the wrongful death claim. R.G. Industries unsuccessfully sought a protective order and it now seeks review here.[1]
The simple answer to the instant question is found in Florida Rule of Civil Procedure 1.280(b)(1):
Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things.... [Emphasis added.]
Since R.G. Industries, Inc. is not a party to the estate proceeding and since the wrongful death/products liability action and its issues can not be litigated in the estate proceeding, we hold that discovery in the wrongful death/products liability suit is not relevant and can not be had in the estate proceeding.
We grant certiorari and remand with instructions to grant protection to R.G. Industries, Inc. from the discovery and efforts made by the personal representative in the estate proceeding.
Certiorari granted.
HERSEY, C.J., and LETTS and WALDEN, JJ., concur.

. We think that this controversy may well be moot inasmuch as the personal representative has now filed the wrongful death suit accompanied by fulsome discovery efforts.