GRIFFIN, Judge.
The Petitioner, ABC Liquors, Inc., seeks certiorari review of a circuit court order that sustained Respondent Carl Berkey’s objection to ABC’s Notices of Production from Non-Parties on the ground that Rule 1.351(b) of the Florida Rules of Civil Procedure, as written, denies due process to the parties who have not initiated the notice and subpoena. The rule provides that, upon the requesting party’s receipt of documents from the nonparty, the requesting party must supply copies to all other parties who request copies and who pay the reasonable cost of preparing the copies. The due process denial, according to the challenged order, occurs because the nonre-questing parties (here, respondent) do not get the documents simultaneously with the requesting party. The court’s order sustained the objection and ordered ABC to proceed by deposition to obtain production from .non-parties.
No matter how extraordinary we may find this ruling by the trial court, we conclude that certiorari is not available as a means of review. Rule 1.351(b) provides that:
If any party serves an objection to production under this rule within 10 days of service of the notice or the person upon whom the subpoena is to be served objects at any time before the production of the documents or things, the documents or things shall not be produced under this rule.
The Committee Note to this rule states: “If any person objects, recourse must be had to Rule 1.310.” In short, as written, Rule 1.351 is exclusively consensual. Upon the service of an objection by any nonre-questing party, the requesting party may not use the 1.351 procedure, but instead must revert to the other means of obtaining the documents — taking the deposition of the custodian of the records. There is no procedure within the rules for evaluating the sufficiency of an objection. Indeed no grounds at all appear to be required. The rule is self-executing: when any objection is filed, Rule 1.351 ceases to be available. See Jones v. Jones, 463 So.2d 564 (Fla. 1st DCA 1985).
In the present case, an objection was filed, which was enough under the rule to eliminate Rule 1.351 as a vehicle available to Petitioner to obtain documents from non-parties. The order complained of was superfluous. This being so, no matter how greatly the trial court’s order declaring the rule invalid for due process defects may have departed from the essential requirements of the law, it could not cause irreparable harm to the Petitioner.
WRIT DENIED.
W. SHARP and COWART, JJ., concur.