PER CURIAM.
Appellant Service Merchandise Company of Florida, Inc., seeks a new trial because the trial judge limited discovery of appellee John Larsen’s medical records and would not allow appellant to depose his doctors. We reverse and remand for a new trial.
Appellee injured his knee when he slipped and fell in one of appellant’s stores. He later filed a lawsuit to recover damages for that injury. During discovery appellant sought the production of appellee’s medical records from Humana Hospital Cypress [Humana] where he had been hospitalized for the treatment of alcoholism two weeks after his injury. Appellant wanted the records to support its defense that a rheumatoid arthritis condition in appellee’s knee caused or contributed to his injury. Appellee objected on the grounds that federal and state law prevented the discovery of medical records that relate to the treatment of alcoholism. The trial judge sustained the objection, however, he conducted an in camera inspection of the records, which were sealed for our review. Appellant’s attorney was allowed to examine the Humana records, but not to reproduce them. The trial judge later denied appellant’s motions to depose appellee’s treating doctor at Humana and the consulting doctor, a rheumatologist. Appellant wanted to depose those doctors to discover whether they had opinions that related to appellee’s arthritis. Appellant went to trial without the records or the depositions.
We acknowledge that under federal and state law the treatment records of a patient that suffers from alcoholism are confidential and privileged. 42 U.S.C. § 290dd-3 (1989); § 396.112, Fla.Stat. (1989). But, even those records may be ordered disclosed, if the trial judge determines that good cause has been shown. Hall v. Spencer, 472 So.2d 1205 (Fla. 4th DCA), Review denied, 479 So.2d 118 (Fla.1985).
We have examined the Humana records and note that they contain information which relates to appellee’s treatment for arthritis in his knees. We also note that those records reveal that the doctors expressed opinions that relate to the arthritis. We believe that the trial judge should have allowed discovery to proceed with appropriate safeguards to maintain the confidentiality of the privileged portions of appellee’s treatment records.
Therefore, we hold that the trial judge abused its discretion when it failed to allow appellant to discover the records and opinions that did not relate to appellee’s treat *751 ment for alcoholism. That lack of discovery denied appellant a fair trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
ANSTEAD, HERSEY and GARRETT, JJ., concur.