PER CURIAM.
Petitioner, plaintiff in a personal injury suit, seeks review by certiorari of a trial court order requiring her to produce medical records concerning her treatment for alcoholism.
The plaintiff was injured in an automobile accident on March 7, 1988, and was treated for alcoholism beginning June 8, 1990. Defendant sought production of her medical records concerning the alcoholism treatment arguing that plaintiffs claim for a substantial loss of earnings in her business as a result of the accident could have been caused by her alcoholism. Plaintiff contends that these records are not subject to production because of their confidentiality and privilege which was provided under section 396.-112, Florida Statutes (1991), and is now provided in section 397.501(7)(a)(5), Florida Statutes (1993). While these statutes make alcohol treatment records confidential, they au *1005 thorize disclosure by court order for good cause.
In the present case the trial court conducted an in-eamera inspection of the medical records and then ordered their production. We conclude that good cause was demonstrated here because plaintiffs alcoholism could have been relevant specifically to her claim for loss of earnings in her business as a result of the accident. Compare Service Merchandise v. Larsen, 599 So.2d 749 (Fla. 4th DCA 1992); and Hall v. Spencer, 472 So.2d 1205 (Fla. 4th DCA 1985).
We commend the use of the in-camera inspection, as was utilized here, and urge that trial courts carefully and selectively scrutinize what is to be produced in these circumstances. The fact that the alcoholism may be relevant does not necessarily mean that every aspect of the patient’s life which has been revealed during treatment would also be subject to discovery. We must be careful not to discourage people from either seeking treatment for alcoholism or from being candid and open during treatment.. Since we are satisfied that the trial court in this case did not require the production of anything which was not discoverable, we deny certiorari.
DELL, C.J., and KLEIN and PARIENTE, JJ., concur.