690 So.2d 743 (1997)
James E. RUSSELL, Jr., etc., et al., Petitioners,
v.
STARDUST CRUISERS, INC., etc., et al., Respondents,
No. 96-3377.
District Court of Appeal of Florida, Fifth District.
April 4, 1997.
Terry C. Young and Karen A. Williams of Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, for Petitioners.
Karel L. Averill, of Fisher, Rushmer, Werrenrath, Wack & Dickson, P.A., Orlando, for Respondents, Holly Bluff Marina.
No Appearance for Stardust Cruisers, Inc.
THOMPSON, Judge.
Petitioner, James E. Russell, as personal representative of the estate of J. Gary Russell, decedent, petitions for a writ of certiorari seeking review of an order compelling production of decedent's psychiatric and psychological records in a wrongful death action. *744 We grant the petition and quash the trial court's order.
Russell died after inhaling carbon monoxide vented from a generator while he was attempting to repair his houseboat. Petitioner filed suit on behalf of decedent's estate, and his wife Teresa and minor daughter Jennifer, against respondent Stardust Cruisers, Inc., the houseboat manufacturer, respondent Kohler Company, the manufacturer of the generator which allegedly leaked the carbon monoxide, and respondent Holly Bluff Marina, Inc., the company that sold, serviced and repaired the houseboat. Petitioner sought damages for loss of future support, services and companionship, and for the mental pain and suffering of Teresa and Jennifer. Damages were also sought on behalf of the estate for loss of prospective net accumulations. One of respondents' claimed affirmative defenses was that Russell or his wife Teresa was negligent.
Respondent Holly Bluff filed a Rule 1.351 notice of production from a nonparty psychologist and a nonparty psychiatrist. Holly Bluff served petitioner, the psychiatrist and the psychologist simultaneously. Holly Bluff sought production of all medical, counseling, psychological or psychiatric records regarding the care, treatment, examination or evaluation of the decedent for any condition or injury, regardless of the date the services were rendered. Because there was testimony and forensic evidence that Russell had been drinking shortly before the accident, Holly Bluff was attempting to determine if he had an alcohol or substance abuse problem. Within ten days of receiving the notice, petitioner timely raised several objections to the notice.
Holly Bluff filed a motion for an order compelling production of the psychiatric and psychological records. Petitioner objected on the procedural ground that once an objection was interposed to a Rule 1.351 notice, discovery must proceed under Rule 1.310 which requires taking the deposition of the custodian of the records sought. Second, petitioner objected on grounds of privilege and relevancy. Petitioner argued that section 90.503(2), Florida Statutes, prohibits the disclosure of confidential records or communications between the patient and psychotherapist made for the purpose of diagnoses or treatment of the patient's mental or emotional condition, including alcoholism or other drug addiction, and that the personal representative could claim the privilege on behalf of a deceased patient. Finally, petitioner objected because the records request was overbroad. The records sought were not restricted to the eight months Russell and Teresa were married, but to the entire period of treatment, part of which occurred prior to their marriage. This amounted to nothing more than a fishing expedition, petitioner argued. After a hearing, the trial court overruled all the objections and entered an amended order granting discovery of psychiatric, psychological and substance abuse records of the decedent. There were no time limitations. Production was stayed pending review of the order by certiorari.
Rule 1.351 is self-executing and an objection requires that a deposition of the records custodian be taken in order to obtain the requested documents. ABC Liquors, Inc. v. Berkey, 589 So.2d 457 (Fla. 5th DCA 1991). Holly Bluff did not seek to depose the custodians of records they sought after it received petitioner's objection, and the trial court erred when it did not require the deposition of the records custodians. This cannot, however, be the basis for the issuance of a writ of certiorari. Although review by certiorari is appropriate when a discovery order departs from the essential requirements of law, the disclosure must also cause a material injury to a petitioner throughout the remainder of the proceedings and effectively leave no adequate remedy on appeal. Allstate Ins. Co. v. Langston, 655 So.2d 91 (Fla.1995). Writs of certiorari will not issue in discovery matters where there is no irreparable harm. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987). Here, petitioner cannot show irreparable harm because, even if deposed, the psychiatrist and psychologist, whose interests were represented at the hearing, would have invoked the psychotherapist-patient privilege. Although the trial court erred when it did not first require the deposition of the records *745 custodians, there is no showing of irreparable harm.
We agree with Holly Bluff that the decedent's health, life expectancy, and habits were placed at issue when the civil suit was filed. Thus, evidence of Russell's alleged alcoholism is relevant and discoverable because it relates to damages. Appel v. Quilantang, 629 So.2d 1004 (Fla. 4th DCA 1993). Nevertheless, we disagree that this allows carte blanche investigation of decedent's entire mental health history. Even though the rules of civil procedure allow for broad discovery, the discovery must be confined to matters "admissible or reasonably calculated to lead to admissible evidence in the case." East Colonial Refuse Service, Inc. v. Velocci, 416 So.2d 1276, 1277 (Fla. 5th DCA 1982). The trial court should have determined the relevancy of matters sought from the psychotherapists. In Yoho v. Lindsley, 248 So.2d 187 (Fla. 4th DCA 1971), the court allowed a "balancing of the rights of the respective parties" and held that only relevant information about the party's mental health should be disclosed and that the court should take protective measures to see that irrelevant matters are not disclosed. See also § 90.503(4)(c), Fla. Stat. (1995). One protective measure that can be used is an in camera inspection instead of a blanket order of production. Russell had been married several times and a broad order would allow the respondent to review records that could not serve as the basis for recovery of damages. An in camera review would allow the trial court to determine which records would be relevant for the recovery of damages for Teresa, Jennifer and the decedent's estate. Appel at 1004.
We grant the petition for writ of certiorari, quash the trial court's order granting discovery, and remand for further proceedings.
PETITION GRANTED; ORDER QUASHED; and REMANDED.
DAUKSCH and HARRIS, JJ., concur.