PER CURIAM.
This petition for writ of certiorari seeks to quash an order granting a motion to compel discovery. The respondent, James E. Pope, M.D., filed a request for production from the plaintiff in the underlying action and a notice of production from a nonparty pursuant to Florida Rule of Civil Procedure 1.351. These motions were directed to discovery of information from the petitioner, Morgan, Colling & Gilbert (the “law firm”), attorneys for the plaintiff, concerning the law firm’s dealings with an expert witness outside the bounds of the case in controversy. The law firm objected to the requested production under rule 1.351(b). A motion to compel was filed by the respondent that made no distinction between the two separate motions for production.
The trial court heard argument on both motions, which was unfortunate as an objection under the provisions of rule 1.351 is self-executing. There is no need to specify the objections until the deposition takes place. See Russell v. Stardust *202 Cruisers, Inc., 690 So.2d 748 (Fla. 5th DCA 1997). The law firm was forced by these circumstances to justify its objection to the production at the hearing on the motion to produce directed to the plaintiff. The court granted respondent’s motion to compel, and the law firm requests this court to quash the order. We decline to do so.
The order under review merely compels the law firm to appear at a deposition pursuant to its objection under Florida Rule of Civil Procedure 1.351(b). The law firm asserts that the methods available to obtain the information sought by the respondent are dictated by Allstate Insurance Co. v. Boecher, 783 So.2d 993 (Fla.1999), and Elkins v. Syken, 672 So.2d 517 (Fla.1996). This position appears to have merit, but this petition is premature. Any party who is aggrieved by the trial court’s determination following the deposition can raise the issue through another petition for writ of certiorari.
Accordingly, the petition for writ of cer-tiorari is denied.
WHATLEY; A:C.J., and NORTHCUTT and CASANUEVA, JJ., Concur. ■ ■