KHOUZAM, Judge.
Sarah R. Patrowicz, as Personal Representative of the Estate of Joseph H. Winner, petitions this court for a writ of certio-rari quashing a discovery order compelling the production of documents allegedly subject to the attorney-client privilege. Because the trial court departed from the essential requirements of the law by ordering the production of allegedly privileged documents without first conducting an in camera inspection to determine whether the privilege applies, we grant the petition and quash the order.
In the underlying suit, plaintiff Cynthia H. Wolff filed a Notice of Intent to Sub *974 poena Third Party Records from Patrow-icz’s attorney, Matthew A. Linde, pursuant to Florida Rule of Civil Procedure 1.351(b). The proposed subpoena sought the entire estate planning file relating to the decedent’s estate, including correspondence, memoranda, and notes. Patrowicz filed a timely written objection to the proposed subpoena. After a hearing on the objection, the trial court overruled it and authorized Wolff to issue the subpoena.
Wolff served the subpoena on Linde. Linde filed a written objection to the subpoena and Wolff set the matter for a hearing. At the hearing, Linde argued that under rule 1.351(c) his objection to the subpoena was self-executing and that the hearing was therefore improper because the matter should have proceeded instead to a deposition. Linde stated at the hearing that the basis for his objection was that the documents sought were protected by the attorney-client privilege. Wolff did not allege that any exception to the privilege applied. Without taking any evidence or argument as to whether the documents were actually privileged, the trial court overruled the objection and ordered Linde to produce all of the documents sought.
Patrowicz timely filed her petition, arguing that the trial court departed from the essential requirements of the law by ordering the production of allegedly privileged documents without first addressing whether they were actually protected. We agree.
An objection to a subpoena filed pursuant to rule 1.351 is self-executing. Russell v. Stardust Cruisers, Inc., 690 So.2d 743, 744 (Fla. 5th DCA 1997). “[W]hen any objection is filed, Rule 1.351 ceases to be available” and the party seeking the documents may proceed only by taking a deposition of the records custodian. ABC Liquors, Inc. v. Berkey, 589 So.2d 457, 458 (Fla. 5th DCA 1991); see also rule 1.351(c) (“If the person upon whom the subpoena is served objects at any time before the production of the documents or things, the documents or things shall not be produced under this rule, and relief may be obtained pursuant to [the rule governing depositions].”). Consequently, an objection “requires that a deposition of the records custodian be taken in order to obtain the requested documents.” Russell, 690 So.2d at 744. The basis for the objection need not be specified until the deposition. Morgan, Colling & Gilbert, P.A. v. Pope, 756 So.2d 201, 201 (Fla. 2d DCA 2000).
“A trial court’s order erroneously compelling discovery of information protected from discovery by the attorney-client privilege is reviewable by certiorari.” Bennett v. Berges, 84 So.3d 373, 374-75 (Fla. 4th DCA 2012). A party claiming that documents sought by an opposing party are protected by the attorney-client privilege is entitled to have those documents reviewed in camera by the trial court prior to their disclosure. Id. at 375. This is equally true where the subpoena on its face requests communications between attorney and client. See Nationwide Mut. Fire Ins. Co. v. Hess, 814 So.2d 1240, 1243 (Fla. 5th DCA 2002). The failure to address whether a claimed privilege applies prior to ordering the disclosure of documents is a departure from the essential requirements of the law. See Snyder v. Value Rent-A-Car, 736 So.2d 780, 782 (Fla. 4th DCA 1999).
As a threshold matter, we note that it was unusual to hold a hearing on the written objection filed pursuant to rule 1.351(c) because the rule is self-executing. Pa-trowiez accurately argues that the correct procedure would have been for the parties to proceed to a deposition. Russell, 690 So.2d at 744; see also rule 1.351(c).
But the reason we must quash the order is that the trial court ordered pro- *975 duetion of the documents without first reviewing them and determining whether the attorney-client privilege applied. Not only did Linde specify that his objection was based on the attorney-client privilege, but the subpoena on its face explicitly requested communications between an attorney and his client. Consequently, the trial court was required to conduct an in camera inspection of the documents prior to ordering their disclosure. We therefore quash the order compelling the production of the documents and remand the case for further proceedings.
Petition granted; order quashed; case remanded for proceedings consistent with this opinion.
ALTENBERND and CASANUEVA, JJ., Concur.