DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VALERIE A. LYONS INDIVIDUALLY AND AS CO-TRUSTEE AND
BENEFICIARY OF THE RICHARD C. LYONS AND NORMA W. LYONS
1998 DYNASTY TRUST; NORMA W. LYONS INDIVIDUALLY AND AS
MANAGING PARTNER AND THE GENERAL PARTNER(S) OF LYONS
FAMILY LIMITED PARTNERSHIP; and LYONS FAMILY LIMITED
PARTNERSHIP,**
Petitioners,

v.

**SANFORD D. LYONS INDIVIDUALLY AND AS CO-TRUSTEE OF THE
RICHARD C. LYONS AND NORMA W. LYONS 1998 DYNASTY TRUST;
TIMOTHY R. LYONS INDIVIDUALLY AND AS PURPORTED CO-
TRUSTEE OF THE RICHARD C. LYONS AND NORMA W. LYONS 1998
DYNASTY TRUST; THE RICHARD C. LYONS AND NORMA W. LYONS
1998 DYNASTY TRUST; DOROTHY A. LYONS-HEFFNER; JOHN C.
LYONS; and JOHN C. LYONS AND CAROL ANN WILLIAMS LYONS AS
CO-TRUSTEES OF THE JOHN C. LYONS TRUST SEPTEMBER 2,
1988,**
Respondents.

No. 4D14-3429

[February 11, 2015]

Petition for writ of certiorari to the Circuit Court for the Seventeenth
Judicial Circuit, Broward County; Mark A. Speiser, Judge; L.T. Case No.
12-4634.

William M. Tuttle, II of William M. Tuttle, II, P.A., Coral Gables, for
petitioners.

Thomas Karl Topor of The Kelley Law Firm, PL, Fort Lauderdale, for
respondents Sanford D. Lyons and Timothy R. Lyons.

WARNER, J.

In this litigation over control of a family trust, the trial court overruled
petitioners' privilege objection to the production of documents from the
trust accountant, a non-party, pursuant to Florida Rule of Civil Procedure
1.351. Procedurally, petitioners claimed that their objection required the

respondents to forego reliance on Rule 1.351 and set the accountant for deposition. The trial court overruled the petitioners' objections and authorized the issuance of the subpoena. It did not address the issue of privilege, even though the petitioners requested that the court conduct an *in camera* inspection of the documents. As that order contained no protections for privileged documents, this petition was filed. Later, after the subpoena was issued, the court entered an order on the accountant's motion for protective order in which it provided for a method of isolating privileged documents. We deny the petition as moot, because the trial court has provided for protection of the documents, and we reject the petitioners' claim that a deposition of the accountant is required.

Lyons Family Limited Partnership ("the partnership") is a Florida limited partnership which owns and rents commercial property in Broward County and Pennsylvania. It was created by Norma Lyons and her late husband Richard. The couple had five children. After Richard's death, four of the children, the individually named respondents, sought to remove their sister, petitioner Valerie, as co-trustee of a trust which is a limited partner in the partnership. They also sought to remove their mother, petitioner Norma, as managing general partner of the partnership. This prompted two declaratory judgment actions by Valerie and Norma challenging the legality of the actions of the other siblings/children. In addition, the partnership sued the siblings for damages in excess of three million dollars. All three cases were consolidated for purposes of discovery and trial.

The respondents filed a notice of intent to issue a subpoena duces tecum to the accountant for the partnership. Petitioners objected on grounds that the subpoena could include documents protected by attorney-client privilege, accountant-client privilege, and work product. In addition, they alleged that the subpoena was overbroad and requested documents irrelevant to the issues in the case.

The court held a hearing on the objections. Although petitioners claimed that the fact that they objected required the respondents to now proceed with discovery from the accountant by setting her deposition and requesting production of the documents, the court disagreed, concluding that the respondents could seek a ruling on the objection rather than being compelled to take the deposition of the accountant. Petitioners maintained that the court must make an *in camera* review of the documents to assess the claims of privilege and work product. The court overruled petitioners' objections to the defendants' notice to serve subpoena, ordering the production of the documents but limiting the time period for the documents sought. It did not order an *in camera* review.

In this petition for writ of certiorari, petitioners claim that the court departed from the essential requirements of law by ordering production of documents from the accountant without first determining their privileged status through *in camera* review of them, and they claim that once their objection was filed, the only method available to obtain production was pursuant to a deposition of the non-party. They rely on *Patrowicz v. Wolff*, 110 So. 3d 973 (Fla. 2d DCA 2013), in which, under very similar circumstances, the Second District concluded that after a Rule 1.351 notice of intent to issue a subpoena is filed and an objection on the ground of privilege is made, the trial court departs from the essential requirements of law by authorizing the subpoena and production of the documents without conducting an *in camera* review of such documents prior to disclosure. *Id.* at 974-75. We agree with *Patrowicz* in its result, although we do not agree with its adherence to former case law which holds that an objection to a subpoena pursuant to Rule 1.351 is "self-executing," compelling the production of documents only through the deposition of the non-party. *Id.* at 974. We conclude that changes to the rule permit the court to rule on some objections, but that those changes do not remove the court's obligation to conduct an *in camera* inspection of documents for claims of privilege.

When originally adopted, Rule 1.351 was meant to provide a method to obtain documents from non-parties without the necessity of taking the deposition of a records custodian. *See* Committee Notes to Rule 1.351 (1980). The rule provided, however, that if any party objected, then Rule 1.310 must be followed, which requires a notice of production of documents at a deposition of the records custodian. Courts construed this provision as "self-executing." That is, once an objection was made to a notice of intent to issue a subpoena for the production of documents, the proponent <u>must</u> follow Rule 1.310. A trial court was without authority to hear the objection to the subpoena. *Russell v. Stardust Cruisers, Inc.*, 690 So. 2d 743, 744 (Fla. 5th DCA 1997); *ABC Liquors, Inc. v. Berkey*, 589 So. 2d 457, 458 (Fla. 5th DCA 1991).

Apparently, practitioners were not in agreement that any objection to a Rule 1.351 subpoena should always lead to the more expensive procedure of taking a deposition pursuant to Rule 1.310. *See* Bruce J. Berman, *Florida Practice Series: Civil Procedure*, 4 FLA. PRAC. § 1.351:12 (2014). Effective in 2008, the supreme court amended section (d) of Rule 1.351 to provide:

> If an objection is made by a party under subdivision (b), the party desiring production may file a motion with the court

seeking a ruling on the objection or may proceed pursuant to
rule 1.310.

Thus, under the amended rule, an objection did not automatically trigger a deposition pursuant to Rule 1.310. Instead, the court could rule on the objection.

This provision, however, did not remove the trial court's obligation to treat privilege objections differently than it would had the objection been made at a deposition of the non-party records custodian. Any claim of privilege must be ruled on and *in camera* inspection conducted prior to production of such documents. *See Bennett v. Berges,* 84 So. 3d 373, 374–75 (Fla. 4th DCA 2012); *accord Patrowicz,* 110 So. 3d at 974. This is also true for other privileges. *See, e.g., Russell,* 690 So. 2d at 744 (psychotherapist-patient privilege). Indeed, in both *Patrowicz* and *Russell,* the courts granted the petition for certiorari seeking to quash the Rule 1.351 subpoena, not because of the "self-executing" objection but because the court had not conducted an *in camera* review for privilege.

We recognize that, unlike production from a party, there is no provision under Rule 1.351 for a privilege log, which might reduce the number of documents upon which the privilege is asserted and thus the burden on the trial court. We do not interpret the rule, however, as leaving the court with the obligation of reviewing all documents without a method of isolating those documents upon which a privilege could be claimed. Nor do we conclude that a deposition of the non-party is required, although we also think that the trial court could require the requesting party to resort to a deposition of the non-party with production of documents at the deposition.

The trial court has discretion to fashion a process to deal with the production of the documents, and it did in this case. After the filing of this petition, the trial court considered a motion for protective order from the accountant and entered an order providing a procedure for the accountant to gather the documents sought by the subpoena. Thereafter, petitioners would be entitled to review the documents to segregate those they claimed were privileged. The court would hold an evidentiary hearing on those claimed to be privileged and conduct an *in camera* review where necessary. This procedure is sufficient to protect privileged documents.[1]

---

[1] It would have been preferable to have included this procedure in the original order overruling the objections, or a reservation in that order to consider the protection of privileged documents, so as to eliminate the necessity of this petition.

4

Petitioners also seek certiorari relief because the request for documents was overbroad and sought irrelevant materials. On this ground, the petition is dismissed. *See All About Cruises, Inc. v. Cruise Options, Inc.*, 889 So. 2d 905, 906 (Fla. 4th DCA 2004) ("[T]his court generally will not exercise its certiorari review where the objection is that the requested production is vague, overbroad, and irrelevant."). Moreover, petitioner has not shown that the records are irrelevant or burdensome to produce.

The petition is denied as moot insofar as it seeks to prevent production of privileged documents without *in camera* inspection, and it is dismissed on the remaining grounds raised in the petition.

MAY and CONNER, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***