NORTHCUTT, Judge.
Twenty-five limited liability companies, here referred to collectively as the LLCs, seek a writ of certiorari to quash an order requiring the production of documents from Adler Group Beaumont Investors, LLC, a former co-defendant in the civil action below. The LLCs contend that the documents are protected by attorney-client privilege and that the circuit court departed from the essential requirements of law by compelling their production without first reviewing them. We agree that an in camera review was required before the court could decide the privilege claim. Accordingly, we grant the petition.
The LLCs and Adler were joint defendants in a foreclosure action. Eventually, the plaintiff dropped Adler as a party and then served it with a subpoena duces te-cum seeking correspondence between Adler and the LLCs. The LLCs objected to the production of numerous e-mails, and they prepared a privilege log. A member of one LLC filed an affidavit asserting that the LLCs and Adler coordinated their defense during the period in which the emails were exchanged. A second affidavit by a member of a different LLC explained that she did not have an e-mail account and used an e-mail address belonging to her investment advisor and agent. Adler did not take any position on the claim of privilege. In deposition, one of Adler’s corporate representatives disavowed any explicit agreement for a joint defense. *512 The circuit court overruled the claim of privilege and ordered the production without conducting an in camera review. The LLCs petition for relief from this order.
Certiorari is the proper method for seeking review of an order compelling disclosure of information that is claimed to be protected by attorney-client privilege. Courville v. Promedco of Sw. Fla., Inc., 743 So.2d 41, 41 (Fla. 2d DCA 1999). A party claiming such a privilege is entitled to have the documents reviewed in camera by the court prior to their disclosure. Patrowicz v. Wolff, 110 So.3d 973, 974 (Fla. 2d DCA 2013), disagreed with on other grounds by Lyons v. Lyons, No. 4D14-3429, 162 So.3d 212, 2015 WL 543106 (Fla. 4th DCA Feb. 11, 2015).
The attorney-client privilege is codified in section 90.502, Florida Statutes (2013): “A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client.” § 90.502(2). “A communication between lawyer and client is ‘confidential’ if it is not intended to be disclosed to third persons other than” those necessary for the rendition of legal services or the transmission of the communication. § 90.502(l)(e).
Generally, the attorney-client privilege is waived when one holding the privilege makes a • voluntary disclosure to • a third party. But an exception to the waiver rule permits litigants who share unified interests in litigation to exchange privileged information in order to adequately prepare their cases without losing the protection afforded by the privilege. Visual Scene, Inc. v. Pilkington Bros., 508 So.2d 437, 440 (Fla. 3d DCA 1987). In the Visual Scene case, the party claiming privilege produced “an affidavit attesting to a before-the-exchange agreement stating their intention to maintain confidentiality and to use the information only in preparation for trial on those issues common to both.” Id. at 441.
In this case, the LLCs and Adler did not have a written agreement for a joint defense. But we have found no case requiring a written agreement. If an in camera review were to reveal that the LLCs and Adler intended to maintain confidentiality while sharing information in pursuit of their common interests, the LLCs would be entitled to protect the communications by asserting the attorney-client privilege. Thus, review is necessary to resolve the privilege claim unless the privilege was otherwise waived.
We have considered whether in this case there was a waiver of the privilege by virtue of communications sent to an investment advisor for a member of one of the LLCs. “[W]hen a member of the common interest group discloses this information to a non-member, a waiver of the privilege, as in the ordinary case, occurs.” Visual Scene, 508 So.2d at 440. However, that member submitted an affidavit stating that she did not use e-mail and that the advisor acted as her agent for communications about the lawsuit. Communications are confidential if they are “not intended to be disclosed to third persons other than ... [t]hose reasonably necessary for the transmission of the communication.” § 90.502(l)(c)(2).
“A communication, then, by any form of agency employed or set in motion by the client is within the privilege. This of course includes communications through an interpreter, and also communications through a messenger or any other agent of transmission, as well as communications originating with the client’s agent and made to the attorney.” 8 Wigmore *513 [on] Evidence § 2317, at 618 (McNaughton rev. 1961) (footnotes omitted; emphasis in original).
Gerheiser v. Stephens, 712 So.2d 1252, 1255 (Fla. 4th DCA 1998) (holding that son could claim attorney-client privilege to protect his mother’s conversation with an attorney when the mother was acting as her son’s agent). In light of the affidavit, the use of the third party’s e-mail address thus presents a question for the circuit court’s determination; it does not automatically foreclose the claim of privilege.
Petition granted; order quashed.
WALLACE and BLACK, JJ., Concur.