Gerber, J.
The petitioner, a non-party to the estate’s probate action, seeks a writ of cer-tiorari to quash the probate court’s order: (1) overruling the petitioner’s relevance-based objections to the estate’s subpoena duces tecum upon the petitioner; and (2) requiring the petitioner to file a privilege log pursuant to the petitioner’s privileged-based objections to the subpoena. The petitioner argues that the order departs from the essential requirements of the law, and no adequate remedy exists on appeal because it is not a party to the probate action and thus has no ability to appeal.
We agree with the petitioner’s argument, and grant the petition for three reasons: (1) the subpoena seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence in a probate action; (2) the subpoena seeks documents which, according to the subpoena’s plain language and the petitioner’s affidavit in response to the subpoena, are privileged under the work product doctrine; and (3) the probate court erred in requiring the petitioner, as a non-party to the probate action, to file a privilege log.
In this opinion, we first shall present the procedural history before turning to our analysis of the three reasons why we grant the petition.

Procedural History

The decedent died after an accident on the petitioner’s property. The estate has not filed an adversarial action against the petitioner arising from the decedent’s death.
The estate served a subpoena duces te-cum upon the petitioner in the probate action. The subpoena seeks “all reports, statements, photographs, and any other documents and/or materials relating to your investigation of the ... fatal accident ... which killed [the decedent].”
The petitioner, in response to the subpoena, filed a combined objection, motion for protective order, and motion to quash (the “objection”). The objection argued that the subpoena, among other things, was not reasonably calculated to lead to the discovery of admissible evidence in the probate action, and sought privileged attorney-client and work product documentation. According to the petitioner, the underlying probate petition was devoid of any allegations upon which to premise discovery upon the petitioner regarding the petitioner’s investigation of the accident. Thus, the petitioner argued, the subpoena was nothing more than a fishing expedition seeking information which might give rise to a potential wrongful death action against the petitioner, and sought investigative reports and materials which were protected under the attorney-client and work product privileges.
*112 The estate, in response to the objection, argued that its subpoena was justified because it “is the affirmative duty of [the estate] to investigate these matters, as there may very well be grounds for a wrongful death action.”
The petitioner, in reply to the estate’s response, filed an affidavit from the petitioner’s safety manager. In the affidavit, the safety manager supported the petitioner’s privileged-based objections by stating that “[a]ll materials responsive to the ... subpoena were prepared and gathered in anticipation of litigation, and at the direction of [petitioner’s] in house legal counsel, or, in some instances, at the direction of [petitioner’s] outside legal counsel.”
At the hearing on the petitioner’s objection, the petitioner repeated its arguments stated above, and also argued that, as a non-party to the probate action, it was not required to file a privilege log.
The estate argued that it was entitled to obtain the petitioner’s investigatory reports and materials, the petitioner was required to file a privilege log, and the court should conduct an in camera inspection of any items identified on the privilege log.
The probate court entered an order: (1) overruling the petitioner’s relevance-based objections to the subpoena; and (2) requiring the petitioner to file a privilege log pursuant to the petitioner’s privileged-based objections to the subpoena.

Analysis

This petition followed. The petitioner argues that the probate court’s order departed from the essential requirements of the law, and no adequate remedy exists on appeal because it is not a party to the probate action and thus has no ability to appeal. See Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla. 1995) (“[R]eview by certiorari is appropriate when a discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal.”); Fla. Dep’t of Health and Rehab. Svcs. v. Myers, 675 So.2d 700, 701 (Fla. 4th DCA 1996) (granting petition for writ of certiorari in part because non-party lacked an adequate remedy by direct appeal after final judgment).
We agree with the petitioner’s argument, and grant the petition for three reasons: (1) the subpoena seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence in a probate action; (2) the subpoena seeks documents which, according to the subpoena’s plain language and the petitioner’s affidavit in response to the subpoena, are privileged under the work product doctrine; and (3) the probate court erred in requiring the petitioner, as a non-party to the probate action, to file a privilege log. We address each reason in turn.

1. The subpoena seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence in a probate action.

In R.G. Industries, Inc. v. Balsiger, 502 So.2d 1378 (Fla. 4th DCA 1987), after the decedent was killed by the accidental discharge of a handgun, a petition for the administration of his estate was filed. Before a wrongful death action was filed, the personal representative sought discovery in the estate proceeding from a potential defendant, which discovery was relevant to only a wrongful death action. The potential defendant unsuccessfully sought a protective order. The potential defendant then filed a petition for a writ of prohibition, which we treated as a petition for a writ of certiorari. We granted the petition under the following reasoning:
The simple answer to the instant question is found in Florida Rule of Civil Procedure 1.280(b)(1):
*113 Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things .... [Emphasis added.]
Since [the potential defendant] is not a party to the estate proceeding and since the wrongful death/products liability action and its issues cannot be litigated in the estate proceeding, we hold that discovery in the wrongful death/products liability suit is not relevant and cannot be had in the estate proceeding.
We grant certiorari and remand with instructions to grant protection to [the potential defendant] from the discovery and efforts made by the personal representative in the estate proceeding.
Id. at 1379. Our reasoning in B.G. applies equally here.
The only authority which the estate cites for the proposition that a personal representative should be able to seek discovery in an estate proceeding to investigate the possible filing of a wrongful death action is a single sentence from an appeal in a wrongful death action describing the procedural history underlying that action. See Garces v. Montano, 947 So.2d 499, 501 (Fla. 3d DGA 2006) (“[The decedent] died shortly after surgery. Her husband ... sought appointment as Personal Representative of her estate to investigate possible wrongful death and malpractice claims on behalf of himself, the estate, and [the decedent’s] two surviving sons.”). We do not view that single sentence as indicating our sister court’s intent to open wide the probate court doors for discovery to support unfiled wrongful death actions.

2. The subpoena seeks documents which, according to the subpoena’s plain language and the petitioner’s affidavit in response to the subpoena, are privileged under the work product doctrine.

Even if the subpoena arguably sought documents which are reasonably calculated to lead to the discovery of admissible evidence in a probate action, the subpoena seeks documents which, according to the subpoena’s plain language and the petitioner’s affidavit in response to the subpoena, are privileged under the work product doctrine. See Fla. R. Civ. P. 1.280(b)(4) (2016) (“[A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial ... only upon a showing that the party seeking discovery has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means.”). The estate made no such showing. As we recently held in Millard Mall Services, Inc. v. Bolda, 155 So.3d 1272 (Fla. 4th DCA 2015):
Work-product protection extends to information gathered in anticipation of litigation by corporate non-attorney employees, including employees of a corporation’s risk management department. Internal investigative reports are also covered by the rule. A lawsuit need not be filed for information gathered in an accident investigation to qualify for work-product protection.
Id. at 1275 (internal citations omitted).

3. The probate court erred in requiring the petitioner, as a non-party to the probate action, to file a privilege log.

Even if the subpoena arguably sought non-privileged documents which *114 are reasonably calculated to lead to the discovery of admissible evidence in a probate action, the probate court erred in requiring the petitioner, as a non-party to the probate action, to file a privilege log. We previously have held that the plain language of Florida Rules of Civil Procedure 1.280 and 1.351 (incorporated into the Florida Probate Rules under rule 5.080(a)(1) and (9)) do not require non-parties to file privilege logs. See Westco, Inc. v. Scott Lewis’ Gardening & Trimming, Inc., 26 So.3d 620, 623 (Fla. 4th DCA 2009) (under then-rule 1.280(b)(5) [now rule 1.280(b)(6)], “a privilege log is not required from a non-party producing documents”); Lyons v. Lyons, 162 So.3d 212, 215 (Fla. 4th DCA 2015) (“We recognize that, unlike production from a party, there is no provision under Rule 1.351 for a privilege log .... ”). The proper procedure, as we indicated in Lyons, would have been to order the petitioner to “segregate those they claimed were privileged,” after which “[t]he court would hold an evidentia-ry hearing on those claimed to be privileged and conduct an in camera review where necessary.” Id. at 215-16.
To counter our cases squarely addressing this issue, the estate relies upon a single phrase from Bainter v. League of Women Voters of Florida, 150 So.3d 1115 (Fla. 2014): “Regardless of whether the non-parties are considered a party’ under [rule 1.280(b)(6)], its rationale applies with equal force to this case ....” Id. at 1128-29. We find that phrase to be dicta in the context of the complete sentence from Bainter: “Regardless of whether the non-parties are considered ‘a party’ under [rule 1.280(b)(6)], its rationale applies with equal force to this case—particularly once the trial court, repeatedly, determined that the disputed documents in the non-parties’ possession were relevant and ordered the submission of a privilege log—and the non-parties did not expressly make their claim of privilege or produce a privilege log until many months after they withheld the documents.” Id. (emphasis added).

Conclusion

Based on the foregoing three reasons, the probate court’s order departs from the essential requirements of the law, and no adequate remedy exists on appeal because the petitioner is not a party to the probate action. Therefore, we grant the petition, quash the probate court’s order, and remand for the probate court to enter an order sustaining the petitioner’s objection and granting the petitioner’s motion for protective order and motion to quash the estate’s subpoena.

Petition granted.

Damoorgian, J. concurs.