PER CURIAM.
*773 We grant the petition and quash the parts of the order allowing subpoenas directed to a law firm seeking records of third parties that are claimed to be protected by the third parties' attorney client privileges. We similarly quash the parts of the order allowing subpoenas seeking the medical records of third parties that are claimed to violate the third parties' right to privacy. The trial court order indicates that these objections were overcome simply by requiring a confidentiality order. Without the trial court establishing a method to review and determine which, if any, of these materials were so privileged, the order reflects a departure from the essential requirement of law. Patrowicz v. Wolff , 110 So. 3d 973, 974 (Fla. 2d DCA 2013) (citing Snyder v. Value Rent-A-Car , 736 So. 2d 780, 782 (Fla. 4th DCA 1999) ) ("The failure to address whether a claimed privilege applies prior to ordering the disclosure of documents is a departure from the essential requirements of the law.").
Otherwise, we deny the petition for certiorari. Subpoenas for materials other than the medical records of third parties and the records of the law firm may issue. This part of our order is without prejudice to the subpoenaed party or other party with a lawful claim of a privilege from filing objections and a privilege log. All other documents responsive to the subpoenas shall be produced.
Granted in part and denied in part.