# Third District Court of Appeal

## State of Florida

Opinion filed November 25, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-1831
Lower Tribunal No. 17-13888
_____


**IATAI Enterprises, Inc.,**
Petitioner,

vs.

**Laylie Loyacono, etc., et al.,**
Respondents.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, Pedro P. Echarte Jr., Judge.

Lavalle, Brown & Ronan, P.A., and Kenneth J. Ronan and Anthony D. Brown (Boca Raton), for petitioner.

The Scharf Appellate Group and Erik W. Scharf; and Anthony S. Hearn P.A., and Anthony S. Hearn, for respondent  Laylie Loyacono.


Before FERNANDEZ, HENDON and LOBREE, JJ.

LOBREE, J.

IATAI Enterprises, Inc. ("IATAI"), a non-party to the underlying lawsuit,

seeks certiorari review of the trial court's discovery order compelling the production of documents which IATAI objected to on the grounds of overbreadth and the accountant/client and other privileges, and filing of a privilege log. IATAI, as a non-party, cannot be required to prepare a privilege log. Thus, we grant the petition and quash the order under review.

In 2015, Laylie Loyacono and her husband, Carlos Loyacono, purchased a vacation package for which they separately obtained insurance policies from IATAI LA, Inc. ("IATAI LA"), allegedly acting as the Florida agent for QBE Seguros, SA. ("QBE"), the underwriter. Due to Mr. Loyacono's declining health and sudden diagnosis of cancer, the couple decided not to travel, cancelled the trip, and filed an insurance claim for the thousands of dollars it cost. In December of 2015, after months of futile exchanges and Mr. Loyacono's death, coverage was ultimately denied. Ms. Loyacono subsequently filed suit, alleging that: IATAI LA and QBE engaged in racketeering, they denied the Loyaconos' claim in bad faith, and neither insurer was legally authorized to sell the policies at issue.

In order to prove its racketeering charge, Loyacono's counsel subpoenaed Gisselle Guzman and Monique Troncone, accountants for IATAI, for deposition and the production of financial documents pertaining to IATAI's insurance business and employees. On September 9, 2019, after a hearing on IATAI's motion for a protective order, the trial court denied relief in part and granted it in part, providing:

2

"IATAI Enterprises shall produce all non-privileged documents within 10 days. IATAI Enterprises shall file a privilege log accounting for the withheld documents, within 10 days." Before the expiration of the deadline, IATAI appealed from the order, subsequently asking us to treat its notice as a petition for certiorari. IATAI argues that it will suffer irreparable harm if forced to comply with the order on the grounds that the discovery sought is overbroad and irrelevant, as well as that the filing of a privilege log may waive certain objections by it or other non-parties.

"Certiorari is an extraordinary remedy that is available only in limited circumstances. . . . Certiorari review is warranted when a non-final order (1) cannot be remedied on postjudgment appeal, (2) results in material injury for the remainder of the case, and (3) departs from the essential requirements of law." Dade Truss Co. Inc. v. Beaty, 271 So. 3d 59, 62 (Fla. 3d DCA 2019) (citing Fernandez-Andrew v. Fla. Peninsula Ins. Co., 208 So. 3d 835, 837 (Fla. 3d DCA 2017)).

IATAI's attack of the trial court's order on grounds of overbreadth is not cognizable on certiorari. See Bd. of Trs. of Internal Improvement Tr. Fund v. Am. Educ. Enters., LLC, 99 So. 3d 450, 456 (Fla. 2012). While the irrelevancy of discovery sought in the context of financial disclosures may warrant certiorari review, see Friedman v. Heart Institute of Port St. Lucie, Inc., 863 So. 2d 189, 194 (Fla. 2003), the record here does not show that the trial court abused its discretion in finding the discovery propounded to be relevant.

Nevertheless, IATAI's concern that the trial court's order requires it to file a privilege log is dispositive.[1] The trial court departed from the essential requirements of law in requiring IATAI, a non-party, to file a privilege log. Florida Rule of Civil Procedure 1.280(b)(5) does not apply to non-parties. See Dade Truss Co., Inc., 271 So. 3d at 65; U.S. Sugar Corp. v. Estate of Mullins, 211 So. 3d 110, 114 (Fla. 4th DCA 2017) ("Even if the subpoena arguably sought non-privileged documents . . . the probate court erred in requiring the petitioner, as a non-party . . . to file a privilege log."). "[N]othing in the trial court's order prevents [the subpoenaed party] or counsel from segregating documents claimed to be privileged and requesting an evidentiary hearing on that issue." Dade Truss Co., Inc., 271 So. 3d at 65; U.S. Sugar Corp., 211 So. 3d at 114.

Accordingly, we quash the trial court's order and remand for further proceedings in conformity with this opinion.

---

[1] We decline to address what, if any, effect IATAI's compliance with the privilege log requirement would have had as to any privilege held by other non-parties.

4