DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

————————————————

RIVERWALK TOWER, LLC, and
FELDMAN EQUITIES, LLC,

Petitioners,

v.

RIVERWALK TOWER
INVESTMENT–INTOWN, LLC,

Respondent.

No. 2D2025-0547

————————————————

June 17, 2026

Petition for Writ of Certiorari to the Circuit Court for Pinellas County;
George Jirotka, Judge.

Marcos E. Hasbun and Justin R. Cochran of Zuckerman Spaeder LLP,
Tampa, for Petitioner Riverwalk Tower, LLC; and John A. Schifino and
Justin P. Bennett of Gunster, Yoakley & Stewart P.A., Tampa, for
Petitioner Feldman Equities, LLC.

Brian Bolves and Paria Shirzadi Heeter of Manson Bolves Donaldson
Tanner P.A., Tampa, for Respondent.

LaROSE, Judge.

     Petitioners, Riverwalk Tower, LLC, and Feldman Equities, LLC,

seek certiorari review of trial court orders denying their motions for

protective order and granting Respondent, Riverwalk Tower Investment-

Intown, LLC's motion to compel discovery.  We grant the petition and quash the orders.

## Background

The parties settled a lawsuit involving a high-rise Tampa construction project.  Alas, peace proved fleeting.

The Settlement Agreement identifies events triggering three payments from Petitioners to Respondent, a former codeveloper of the project.

This original proceeding involves the last two payments. Respondent sued Petitioners for breach of contract.  Allegedly, the conditions precedent to payment had occurred, but Petitioners failed to pay.  *See Eagle FL VI SPE, LLC v. T & A Fam. P'ship*, 177 So. 3d 1277, 1280 (Fla. 2d DCA 2015) ("Settlement agreements are contracts.").

Respondent served Petitioners with extensive document requests. Petitioners objected and sought a protective order.

Notably, the Settlement Agreement restricts Respondent's ability to audit Petitioners' financial records related to the final settlement payment.  For instance, Respondent may not audit the records until a temporary certificate of occupancy has issued, and only after first providing sixty-days' written notice.[1]  Further, Respondent cannot review the records.  Instead, a mutually-agreed-upon auditor will produce a narrative report of its independent audit.  Presumably, maintaining the confidentiality of Petitioners' records from their former codeveloper-turned-business-competitor was important enough to include time, manner, and format restrictions in the Settlement Agreement.

---

[1] Our record contains no certificate of occupancy.  As a contract matter, any audit or discovery seems premature.  No such restrictions attach to the second settlement payment.

In responding to the discovery requests, Petitioners insisted that Respondent sought "to do an end-run-around the Settlement Agreement and [Respondent]'s Requests seek information [Respondent] has no right to receive under the Settlement Agreement."[2]  Petitioners also claimed that Respondent sought "confidential and proprietary information that [Respondent] is prohibited from receiving pursuant to [the Settlement Agreement's] explicit confidentiality and non-disclosure provisions."  *See* § 90.506, Fla. Stat. (2025) ("A person has a privilege to refuse to disclose, and to prevent other persons from disclosing, a trade secret owned by that person . . . ."); *see also* § 812.081(1)(f), Fla. Stat. (2025) (defining a "[t]rade secret").  Moreover, Petitioners contended that the attorney-client privilege shielded items from discovery.  *See* § 90.502(2) (providing a client with the privilege to refuse to disclose confidential communications made during the rendition of legal services to the client).

Faced with Petitioners' uncompromising position, Respondent moved to compel discovery.

The trial court took the matter under advisement after a brief hearing.  Within a few days, it entered simple, unelaborated orders granting Respondent's motions to compel and denying Petitioners' motions for protective order.

## Discussion

Obtaining certiorari relief is hard.  *See Foster v. State*, 326 So. 3d 1192, 1194 (Fla. 1st DCA 2021) ("[C]ertiorari review of interlocutory orders 'is an extraordinary remedy that should be granted only in very limited circumstances.' " (quoting *Paton v. GEICO Gen. Ins.*, 190 So. 3d 1047, 1052 (Fla. 2016))).  Petitioners must demonstrate "(1) a departure

---

[2] The discovery orders lack any information as to how the time, place, and format restrictions informed the trial court's decision.

3

from the essential requirements of the law, (2) resulting in material injury for the remainder of the case[,] (3) that cannot be corrected on postjudgment appeal." *Hett v. Barron-Lunde*, 290 So. 3d 565, 569 (Fla. 2d DCA 2020) (alteration in original) (quoting *Bd. of Trs. of Internal Improvement Tr. Fund v. Am. Educ. Enters.*, 99 So. 3d 450, 454 (Fla. 2012)). Moreover, "trial courts are afforded broad discretion in dealing with discovery issues, [and] a discovery order will not be quashed on certiorari review unless the trial court has departed from the essential requirements of the law." *Brinkmann v. Petro Welt Trading Ges.M.B.H.*, 324 So. 3d 574, 577 (Fla. 2d DCA 2021).

"Orders requiring disclosure of 'cat out of the bag' material that is not subject to discovery by reason of privilege or by other valid reason for nondisclosure are commonly reviewed by certiorari petition because the harm caused by wrongly compelling the petitioner to disclose protected material is irreparable." *Barker v. Barker*, 909 So. 2d 333, 336–37 (Fla. 2d DCA 2005); *see also Grooms v. Distinctive Cabinet Designs, Inc.*, 846 So. 2d 652, 654 (Fla. 2d DCA 2003) ("Orders improperly requiring the disclosure of trade secrets or other proprietary information often create irreparable harm and are thus appropriate for certiorari review.").

Two flaws plague the trial court's orders. *See GCTC Holdings, LLC v. Tag QSR, LLC*, 346 So. 3d 700, 704 (Fla. 2d DCA 2022) ("This court has repeatedly granted petitions for writ of certiorari where a trial court skips the first step—conducting the in camera review—and fails to make findings in its order regarding whether the requested information constitutes a trade secret or whether the requesting party has demonstrated a necessity to overcome the claim of privilege.").

**(a)     In camera review: The cat is out of the bag**

4

Apparently, the trial court conducted no in camera review of the disputed discovery items.

> "When parties dispute that documents are protected under certain statutory provisions, the proper course is for the trial court to conduct an in-camera inspection to determine if the requested documents are discoverable." [*E. Bay NC, LLC v. Est. of Djadjich*, 273 So. 3d 1141, 1144 (Fla. 2d DCA 2019)]; *see also Dominguez v. Citizens Prop. Ins. Corp.*, 269 So. 3d 623, 626 (Fla. 2d DCA 2019) (concluding that trial court erred by ordering production of documents without first conducting in camera review to determine whether attorney-client privilege applied); *Patrowicz* [*v. Wolff*, 110 So. 3d 973, 974 (Fla. 2d DCA 2013)] ("A party claiming that documents sought by an opposing party are protected by the attorney-client privilege is entitled to have those documents reviewed *in camera* by the trial court prior to their disclosure.").

*Brinkmann*, 324 So. 3d at 578 (citations omitted); *see also Bright House Networks, LLC v. Cassidy*, 129 So. 3d 501, 508 (Fla. 2d DCA 2014) (granting certiorari petition and quashing the order compelling disclosure of alleged trade secrets where the trial court "ordered disclosure without an in camera review").[3]

The parties disputed whether the requested items were shielded from discovery by privilege or some other protection. Petitioners were entitled to an in camera review. *See Fla. Health Scis. Ctr., Inc. v. Jackman*, 407 So. 3d 553, 555 (Fla. 2d DCA 2025); *Brinkmann*, 324 So. 3d at 578. Unfortunately, Petitioners are subject to orders requiring disclosure of "cat out of the bag" material resulting in irreparable harm.

**(b)	Privilege: Brevity is not the soul of wit[4]**

---

[3] Petitioners recount that "Respondent did not dispute that the information it sought was protected trade secret information." Our record reflects that Respondent made no such concession.

[4] *See* William Shakespeare, *Hamlet* act 2, sc. 2, l. 90.

The trial court's spartan orders fail to acknowledge, let alone contain, any findings of fact, conclusions of law, or analyses addressing Petitioners' objections and claims of privilege. *Cf. Citizens of State v. Graham*, 213 So. 3d 703, 713 (Fla. 2017) ("[W]e find first the Commission departed from the essential requirements of law here by acknowledging OPC's contention that the settlement agreement applied, but failing to address the terms of the settlement in its analysis."); *Lewis Tree Serv., Inc. v. Asplundh Tree Expert, LLC*, 311 So. 3d 206, 210 (Fla. 2d DCA 2020) ("[C]ourts have set forth a three-step analysis for trial courts to undertake when faced with a claim that a discovery request seeks the production of protected trade secret information.").

The paucity of detail leaves us guessing why discovery was allowed. This will not do. *See Brinkmann*, 324 So. 3d at 578–79. The trial court failed to make findings addressing Petitioner's objections. *See MHC Cortez Vill., LLC v. Cortez Road Invs. & Fin., Inc.*, 413 So. 3d 963, 967 (Fla. 2d DCA 2025) ("[T]he [trial] court failed to set forth findings of fact supporting its general statement that Cortez Road established the reasonable necessity of the trade secrets. 'If the court orders disclosure, it must make findings to support its determination.' " (quoting *Bright House Networks, LLC*, 129 So. 3d at 506)); *Patrowicz v. Wolff*, 110 So. 3d 973, 974 (Fla. 2d DCA 2013) ("A party claiming that documents sought by an opposing party are protected by the attorney-client privilege is entitled to have those documents reviewed in camera by the trial court prior to their disclosure." (emphasis omitted)).

As a result, we are left in the lurch. *See Brinkmann*, 324 So. 3d at 579 ("Unfortunately, because the trial court's order contains no findings or analysis related to the privilege and work product objections, we simply do not know whether the court determined that the attorney-

6

client privilege and work product protection did not apply, whether they applied but had been waived, or whether the trial court deemed the common interest exception to the waiver doctrine inapplicable. We are simply left 'to guess at the basis for the discovery of each document' and communication." (footnote omitted) (quoting *E. Bay NC, LLC v. Est. of Djadjich*, 273 So. 3d 1141, 1144 (Fla. 2d DCA 2019))); *E. Bay NC, LLC*, 273 So. 3d at 1145 ("[T]he trial court orders here leave this court to guess as to whether the trial court even considered the statutory objections raised . . . . The orders require [petitioners] to disclose information that may be privileged. As such, we quash the trial court orders to the extent that they require production of documents that [petitioners] objected to on the basis of various statutory privileges.").

Of course, we take no position on Petitioners' claims that the requested items are undiscoverable. We are not a court of first review. *See Brinkman*, 324 So. 3d at 579 n.4 ("These issues must be decided by the trial court in the first instance; they are not resolved by the limited record in this proceeding."). However, we conclude that the discovery orders depart from the essential requirements of law.

## Conclusion

We grant Petitioners' petition and quash the trial court's discovery orders.

Petition granted; orders quashed.

SLEET, J., Concurs.
ATKINSON, J., Concurs in result only.

_____

Opinion subject to revision prior to official publication.